No. 59.—ROBERT COLLINS, plaintiff in error, vs. ROBERT R. HUTCHINS, defendant in error.

[1.] If a negro is hired to work at a particular place, and the hirer removes him to a different place, without the consent of the owner, it is such a departure from the contract, as, if a loss ensues, makes the hirer liable.

Collins vs. Hutchins.

[2.] A charge not authorized by the evidence ought not to be given, on request of a party or his counsel.

[3.] Arrest of judgment not allowed but for intrinsic defects in the record.

Case, in Bibb Superior Court.   Tried before Judge Powers, May Term, 1856.

This action was brought by Robert R. Hutchins, against Robert Collins, for the recovery of the value of a negro fellow, Henry.

The plaintiff Hutchins, hired the negro to defendant Collins, for the year 1853, for the sum of $180; and the boy was to be worked on the South-Western Railroad in the counties of Houston, Macon, Sumter, &c.   In March, defendant moved his hands from the South-Western Railroad to the Waynesboro Road, in Burke county, and Henry was sent with the rest.   Early in the month of June, he was sent home sick to his master, who resided in Macon.   Dr. Franklin was called in and attended him until about the 25th June, when he thought he had recovered and discharged him. About the 30th June, Dr. Franklin being absent in the upper country, Dr. Harrison was called to see the boy and attended and prescribed for him.   Henry died about the 24th July, 1853, and this action was instituted by his owner against Collins to recover his value.

The jury retired, after receiving the charge of the Court, and returned with a verdict for the plaintiff for the sum of twelve hundred dollars, with interest from the 1st of January, 1854; which was handed to plaintiff's counsel and read out, who moved that the jury amend their verdict, (the jury being still in Court,) by aggregating the principal and interest into one sum, to which defendant objected; but the presiding Judge permitted it to be done; and the calculation being then and there made by plaintiff's counsel and some of the jury, the foreman signed a verdict for the sum of $1,403, with costs of suit.

Defendant by his counsel moved the Court to set aside the

verdict, and arrest the judgment on the ground that it was in express violation of the law of the State, which is in these words, "No verdict shall be received on any unliquidated demand, where the jury have increased their verdict on account of interest;" and because it was not competent for the jury to so amend their verdict after the same had been published.

The Court refused to set aside the verdict and arrest the judgment, and defendant's counsel excepted.

COLE, RUTHERFORD and SMITH, for plaintiff in error.

STUBBS, HILL & TRACY, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The bill of exceptions alleges that there was error in all and each of the rulings of the Court therein complained of, and on looking it through, we do not find a single ruling complained of, so that if the bill of exceptions amounts to any thing, it is to a general assignment of errors on all the rulings of the Court. This is not the law and the Court must require that the error complained of, in any decision or judgment, be specified and plainly and distinctly set forth. *4th sect. of act organizing Sup. Ct., Acts of* 1855-6; 14 *Geo.* 415.

[1.] This case having been argued, however, upon all the rulings of the Court, the judgment will be pronounced as it was argued, and not on the case made in the record.

The Court was requested to charge that "a mere change of location in the same sort of business, does not constitute the hirer an insurer of the life of the negro." The Court refused to give this charge, but charged the jury if Collins contracted to work this negro on the South-Western Railroad and then carried him to Burke county, and worked him there, or caused it to be done, whether it was more or less sickly, he thereby converted the negro, in the eye of the law,

and made himself *ipso facto* liable for the return of the boy on the expiration of the hire.

If a negro is hired to work in a particular place, and the hirer removes him to a different place without the consent of the owner, it is such a departure from the contract, as, if a loss ensues, makes the hirer liable. The contract of the parties, if legal, is the law of the parties, binding on both, and neither can change or alter it without the consent of the other. This case falls within the principle of the cases of the *Mayor and Councit of Columbus vs. Howard*, 6 *Geo. Rep.* 218; *Latimer vs. Alexander*, 14 *Geo.* 267.

[2.] The Court was further requested to charge the jury, that conceding that Collins carried the negro to Burke county, when the contract was to work on the South-Western Railroad, still if they believed from the evidence that the negro was received into the possession and control of his master, the plaintiff, and there remained during all his last sickness, and that the negro would have gotten well but for his imprudence while under his master's control, especially in eating the fruit, then the defendant was not liable. The Court very properly refused to give this charge. The negro, when taken sick in Collins' service, was sent by him to the owner to be taken care of, a physician was called in at his (Collins') request, and paid by him. The house of the owner was used then, as the hospital of Collins. The negro was under the medical treatment of Collins' physician, was advised and controlled by him. His physician, after he had ceased to visit him, considering him out of danger, saw him near his office, eating peaches and water-melons, and rebuked him. On the next day, he was called in again to see the boy, who had relapsed, as he believed, from eating the peaches and water melons. It was his opinion that if his directions as to diet, given to the owner *and to the negro*, had been followed, and the *boy had not otherwise acted imprudently*, after he ceased visiting him, he would have got well. He does not believe that the plaintiff

knew of the imprudence of the negro, and he did not think if the boy had been sound and well the peaches and water melons would have hurt him. There is not the slightest evidence of negligence or misconduct on the part of the plaintiff. A negro is an intelligent human being, having the power of thought and volition, and capable of ministering to the cravings of his appetite, and providing for their gratification, but does not generally have judgment to direct him in what is proper for him, or prudence and self-denial to restrain him from the use of what is injurious. He cannot be shut up and controlled and managed as a horse or a cow, but from the necessity of the case, must be left, under orders for the best, with power, if he disobeys, to do wrong. The boy was still under the direction of the physician of the defendant, though he had ceased to visit him. He had told him, when he got stronger, to call at his office, and the over-exertion of the boy in going to his office, and his imprudence in eating the fruit, were the sole cause of his last relapse. This is the evidence of Dr. Harrison. The over-exertion was the effect of the order to call at the office; and his going to the office under the doctor's direction, took him away from the immediate supervision of his master and afforded him an opportunity to get the peaches and melons, for it was near his office that the witness saw him eating them. The charge of the Court, then, as secondly requested, ought not to have been given.

The whole evidence in the cause shows that the charge as thirdly requested ought not to have been given, for it was not sustained by the proof.

For reasons already assigned, the charge of the Court was correct, that if the contract was to work the boy on the South-Western Railroad, and within the time of hiring he was carried and worked in Burke county, whether more or less sickly, it was such a violation of the contract as made the hirer liable.

[3.] The motion in arrest of judgment according to the re-

cord as presented before us, ought not to have been sustained. The proceedings appear therein to be regular, perfect and formal.    Arrest of judgment cannot be allowed except for intrinsic defects in the record.

Judgment affirmed.