### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT MILLÈDGEVILLE,

# MAY TERM, 1857.

CHARLES J. McDONALD, } Judges.
HENRY L. BENNING,

---

No. 1 —JOHN HAMMOND, escheator, plaintiff in error, *vs.* EZE-
KIEL S. CANDLER, claimant, defendant in error.

Judgment can be arrested for matter only apparent on the face of the record,
which would render the judgment erroneous.

Forfeiture of slaves, from Baldwin Superior Court. Tried
before Judge HARDEMAN, February Term, 1857.

This was a proceeding by John Hammond, escheator, of
Baldwin county, to forfeit eleven negro slaves, under the pro-
visions of the statutes of this State.

The declaration of forfeiture alleges, that three of said
slaves were purchased by Joe Butler, alias Joe Hall, a free
person of color, since the passage of the Act of 19th Decem-
ber, 1818; and since the purchase thereof, one of said negroes,
a *woman*, has had eight children; that said Joe has recently
died, and all said slaves were held contrary to law, and are
forfeited to the State.

Hammond vs. Candler.

Ezekiel S. Candler interposed his claim to said slaves, and upon the appeal at February Term, 1857, the special jury empannelled and sworn to try the cause, returned a verdict for the escheator. On the same day, the jury were discharged for the Term, and on the day thereafter, Saturday, being the last day of the Term, claimant made a motion to arrest the judgment, on the ground that the jury who rendered the verdict, were not sworn as prescribed by Act of 19th December, 1817, in cases of escheats.

The Court granted the motion and ordered judgment in said cause to be arrested.

Thereupon counsel for escheator excepted.

1st. Because the Court erred in granting said motion to arrest the judgment, on the ground therein taken.

2d. Because even if the jury should not have been sworn as prescribed by the Act of 1817, in cases of escheats, yet the Court erred in simply arresting the judgment, instead of setting aside the verdict and ordering a new trial.

W. McKinley, for plaintiff in error.

Harris, Rockwell and Kenan, for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

The record in this case, presents no intrinsic defect, which would of itself, render the judgment of the Court erroneous or reversible. It does not appear, but that the oath administered to the jury. was the oath prescribed by law. They were sworn, and the presumption of law is, that they were sworn legally. *Tidd's Prac.* 918; 1. *Sellon's Pr.* 498. The judgment cannot be arrested for intrinsic and foreign matter, not appearing on the face of the record. The Court below erred, therefore, in arresting the judgment for a cause not patent on the record, and his judgment must be reversed.

Judgment reversed.