<hr />

A. W. ROBISON, plaintiff in error, *vs.* L. H. MEDLOCK, defendant in error.

An appeal from justice's court, not transmitted to the superior court ten days before the term, nor until the first day of the term, cannot be dismissed for the delay of the magistrate, it not appearing that the appellant either caused the delay or sanctioned it.

Appeals. Before Judge JOHNSON. Washington Superior Court. March Term, 1877.

Medlock sued Robison in the justice court for the ninety-third district G. M. Judgment was rendered for

the plaintiff. Execution issued and was levied. Defendant filed an affidavit of illegality thereto on various grounds, which was overruled by the court, and he appealed. The appeal was entered on October 5, 1876, but the papers were not filed in the clerk's office of the superior court until the first day of the next term, to-wit: in March, 1877.

Medlock moved to dismiss the appeal because the papers were not transmitted to the superior court ten days before the next term. The motion was sustained, and Robison excepted.

JOHN W. ROBINSON; WM. H. WYLLY, for plaintiff in error.

ROBERT L. RODGERS, by brief, for defendant.

BLECKLEY, Judge.

The constitution gives the right of appeal. Code, §5104. The statute regulates its exercise. *Ib.*, §§3610 to 3631. Section 3626 makes it the duty of the justice of the peace to transmit the appeal to the clerk of the superior court at least ten days before the next term of the court. When this duty is omitted, and the justice delays the transmission till the first day of the term, is the appeal to be dismissed? There is no statute which so declares, and the spirit of our law is against depriving a party who has duly entered an appeal, of the benefits thereof, on account of failure by the officers in their appointed functions, where that failure has not been induced or sanctioned by the appellant. 31 *Ga.*, 357. The appeal, when once entered, suspends the prior judgment, and cannot be withdrawn without consent of the adverse party. Code, §§3628, 3629. If found to be frivolous, and intended for delay only, the law assesses the damages at twenty per cent. *Ib.*, §3631. This provision for damages would seem to be the only legal check on delay. The rate is equal to almost three years' interest. The Code, as to the time of transmission, is directory to the magistrate. His

failure would be cause for *mandamus* at the instance of either party, both parties having an interest in the prompt and timely transmission. As the law now stands, however, application for *mandamus* could not be made until no more than ten days of the time preceding the term remained. In the present case, the magistrate performed his duty on the first day of the term, which was as soon as the most rapid writ of *mandamus* could have run its course.

Cited for plaintiff in error, 18 *Ga.*, 287; 30 *Ib.*, 942; 31 *Ib.*, 357.

Judgment reversed.