Malone *vs.* Robinson.

1. Where interrogatories were filed in office and on the same day a copy thereof and notice of the time of filing was served upon the opposite party, and ten full days were allowed him for filing his cross-interrogatories before the commission was issued, this was a sufficient compliance with §2879 of the code, and the testimony was not objectionable on the ground that the notice was served after the interrogatories were filed.

2. Where a long charge, containing different propositions, some of which are sound law, is excepted to, but no specific error is assigned upon it, this court is not bound to consider it on a general assignment of error, and to search for error in specific parts.

(*a.*) If a declaration plainly, fully and distinctly sets forth the facts on which the plaintiff relies for a recovery, it is immaterial by what name he calls his suit, or whether he gives it any name at all.

(*b.*) A hirer engages to put the thing hired to no other use than that for which it is hired; and if he does so, and the thing is injured, lost or destroyed, the owner may sue as for a conversion even though the hirer be an infant.

(*c.*) The defendant has had the full measure of his rights as to the law, and the evidence supports the verdict.

October 12, 1886.

Practice in Superior Court. Charge of Court. Bailments. Hiring. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. September Term, 1885.

Robinson brought suit against Malone, alleging, in brief, as follows: In April, 1881, the plaintiff, who was a liverystableman, hired a horse to the defendant for the purpose of driving from Carrollton to Buchanan, a distance of twenty miles. The defendant drove the distance over a

rough, hilly road in about two hours ; and although his at-tention was called to the fact that the horse was tired and heated, after resting a short time, he drove on to a mill about five miles distant, and thence to his mother's, a dis-tance of four or five miles. In consequence of his gross negligence in the treatment of the horse, it died soon afterwards. Its value was $150.

It is unnecessary to set out the evidence. The jury found for the plaintiff $150. The defendant moved for a new trial on the following grounds:

(1)–(2.) Because the verdict was contrary to law and evidence.

(3.) Because the court admitted interrogatories of one Hunt. The objection was that the commission was issued by the clerk without the interrogatories being crossed by the defendant, and the notice of filing was given after such filing.

(4.) Because the court erred in charging the jury as follows: " The hirer of a horse is bound to put it to no other use than that for which it is hired; and if he does so, it amounts to a conversion and he becomes liable for any injury that occurs after the conversion and while the horse is in his possession."

(5.) Because the court charged as follows: " If you be-lieve from the evidence that the defendant hired the horse from the plaintiff to go to one or more particular places specified in the contract, and that he went to another and a different place and in a different direction and over a different route from what was specified in the contract, that would amount to a conversion of the horse ; and if the horse died while in his possession and after he had so converted it to his own use, he would be liable for the value of the horse at the time of the conversion."

The motion was overruled, and the defendant excepted.

JAMES A. GRAY, for plaintiff in error.

R. J. JORDAN, for defendant.

HALL, Justice.

The record makes but two questions of law for our determination. The first is, whether notice must be given to the opposite party of the time of filing before interrogatories are filed in the case. The plaintiff in error insists that the notice is a prerequisite to the filing, and if it is not complied with, the answers to the interrogatories should be rejected, although the notice was given on the day the interrogatories were filed in the clerk's office, but after they were so filed, and although he had more than ten full days for filing his cross-interrogatories before the commission issued; and he cites in support of his position code, §3879.

1. Whether we regard the terms of this provision of the code, or the object for requiring the notice, we are of opinion that the judge of the superior court placed upon it the proper construction, and that the party filing the interrogatories complied substantially as well as literally with its requirements. The language of the section is that the party seeking to take testimony by commission "must serve a copy of such interrogatories upon the opposite party or his attorney, with a notice of the time of filing. The original interrogatories shall then be filed in office and there remain for ten days, during which time cross-interrogatories may be filed. At the expiration of ten days" (as is fairly inferable from the service of notice of the same), "a commission shall issue." The adverb *then* relates rather to the time of filing and the notice thereof, than to the order in which the notice shall be given before or after or contemporaneously with the filing; the object is to give the party the full ten days to file cross-questions after he has received the notice of the filing, so that he shall suffer no detriment or injury for the want of this notice or the absence of the interrogatories from the office after receiving notice of their filing.

2. The remaining question made grows out of the charge of the court which is set forth in the 4th and 5th grounds of the motion for a new trial, viz : " The hirer of a horse is bound to put it to no other use than that for which it is hired, and if he does so, it amounts to a conversion, and he becomes liable for any injury that occurs after the conversion, and while the horse is in his possession ;" and that if the jury believed "from the evidence that the defendant hired the horse from the plaintiff to go to one or more particular places specified in the contract, and that he went to another and a different place and in a different direction and over a different route from what was specified in the contract, that would amount to a conversion of the horse; and if the horse died while in his possession and after he had converted it to his own use, he would be liable for the value of the horse at the time of the conversion." No specific error is assigned upon this charge, either in the motion for a new trial or in the bill of exceptions, and if we had any doubt as to the general propriety of the charge we might, and perhaps should, in justice to the prevailing party, decline to consider such exceptions as are made to it for the first time in argument of counsel before this court. That trover is maintainable where there is a conversion of property bailed, is admitted, and that a count in trover may be united with one in case in the same declaration is equally true, but it is not indispensable, or even necessary, that either one of these things should exist in order to render inapposite or improper the charge given upon that point. It is conceded that the principle announced is in the abstract correct, but its application to the facts is called in question.

In this criticism we cannot concur with counsel for the plaintiff in error. The declaration, in accordance with the rule prescribed by our judiciary act of 1799, plainly, fully and distinctly sets forth the facts on which the plaintiff in the suit relies for a recovery ; and in this respect it is entirely immaterial what he calls his suit, or whether he gives it any name at all. So that the question is, was

Malone vs. Robinson.

a sufficient cause of action set forth? and as to this we do not entertain a doubt. "The hirer engages to put the thing hired to no other use than that for which it was hired, and if he does so, and the thing is injured, or lost, or destroyed, the owner may sue 'as for a converson,' even though the hirer be an infant." Code, §§2089, 2090; *Collins vs. Hutchins*, 21 *Ga.* 270; *Mayor, etc. vs. Howard*, 6 *Id.* 213, and cases cited in each of these decisions.

The evidence for the plaintiff shows that the horse was hired to be driven to certain named places, and to be returned in a given time; that it was driven to a place not contemplated by the owner and not mentioned in the contract of hiring; that the animal suffered from hard driving even before the hirer deviated from the stipulated route; and that it died while in defendant's possession, and before the expiration of the time for which it was hired. It is true, all that was sworn to by plaintiff as to the route, places over which and to which the horse was to be driven, and as to the hard driving, was denied by the defendant, but the question was fairly submitted to the jury and they found against him, as they were authorized to do, for they had the undoubted right to believe the plaintiff and his witnesses in preference to the defendant and his. There were other verbal objections to this charge, which, if well founded, and we will not say they were, we deem immaterial, and therefore refrain from expressing any opinion upon them.

There is nothing else in the record requiring notice; at least no error of which the defendant can complain. So far as the law is concerned, he has had the full measure of his rights, and the evidence supports the verdict. The court committed no error in refusing to disturb it.

Judgment affirmed.