### COMBS et al. v. CHOVEN.

It is the duty of the clerk of the superior court to enter appeals from justices' courts upon the proper docket, and if this duty be omitted at the proper time, he may perform it at any time thereafter without any leave or direction from the court, and without notice to the appellant. So long as an appeal is pending, the appellant is bound to take notice that it has been or will be entered upon the docket. Failure to keep sight of the case and to ascertain when it stands for trial is negligence against which equity will not grant relief after the case has been tried ex parte and a judgment rendered

in favor of the respondent in the appeal proceeding. There was no error in denying the injunction prayed for.

August 1, 1892. *Judgment affirmed.*

Injunction. Appeal. Before Judge MILLER. Bibb county. At chambers, June 4, 1892.

The petition of Combs *et al.* prayed for the setting aside of a judgment obtained against them on the 18th of May, 1891, during the April term of Bibb superior court, and for injunction against its enforcement, on the following facts: The judgment is for $100 principal, besides interest from July, 1888. The suit was begun on July 27, 1888, by Mrs. Choven against Combs, in a justice's court, and on the 26th of November, 1888, judgment was there rendered in favor of the plaintiff for $20 and costs. The defendant paid the costs, gave bond and appealed to the superior court. The present clerk of that court made on the papers an entry of filing dated December 22, 1891, and docketed the appeal case to the April term, 1892. He testified that he took charge of the office on the 15th of January, 1891; that the appeal papers were not filed in office after he took charge, but that his predecessor had received them and failed to mark them the day they were received in the office, and they were not found by witness until the day he made the entry of filing. He did not know how long they had been in the office before he took charge, but knew that they did not come in after he took charge. The counsel for Mrs. Choven testified: After the case had been appealed he frequently requested Adams, the former clerk, to enter the case on the docket, but he failed to do so. After the present clerk, Nisbet, took charge, the witness made inquiry about the papers and asked that the case be docketed, and for some months after Nisbet was clerk he informed witness that he had not seen the papers. Finally witness was shown them by Holt, deputy-clerk, who said they had

been found in a box in the office; whereupon witness requested that the case be docketed. The delay in doing so was not by his consent or any fault of his, but was purely the neglect of the clerk. When he found that the appeal was not entered to the first term after it was taken, he inquired of the justice of the peace about the papers, who stated that he had delivered them to the clerk soon after the appeal was entered.

The special assignment of error is, that the injunction should have been granted because the clerk had no power to file and docket the case as if brought to the April term, 1892, without direction from the court and notice to all the parties; and that the appeal not having been regularly filed and docketed, the court had no jurisdiction of the case, and hence the judgment was void.

BLOUNT & GRACE, by brief, for plaintiff in error.
No appearance *contra*.