## WASHINGTON *v.* MARCRUM.

There was no error in sustaining a motion to dismiss an appeal, when it appeared to the court that appellant's counsel had taken the papers from·
    the magistrate's office, and had kept them in his custody until it was too,
    late for the justice to file them in the superior court within the time:
    required by law.

Argued October 18, — Decided November 19, 1898.

    Appeal.    Before Judge Butt.    Muscogee superior court.
February 18, 1898.·

    An appeal from a justice's court to the superior court was,
not filed in the office of the clerk of the superior court until
May 8, three days before the term to which it was returnable,.
The appellee, when the case was called, moved to dismiss the·
appeal, because the plaintiff's attorney had, by having the:
papers out of the justice's office from the time of appeal until
May 8, caused the delay in filing and prevented the return of·
the papers within the time required by law.    The appellant's·
attorney stated under oath that, sometime after the appeal was:
taken, he went to the justice and got the papers from him to·
have a copy made, to avoid keeping them out of the office and,
in case of loss to have a copy, and he handed them to his stenog-- ·
rapher, directing him to "do so" and to return the original:
papers to the justice at once, and was sure such had been done,.
and he did not know that the original papers were in his office·
or custody ·until he found them on May 8; he then carried;
them at once to the justice and had him to send them to the:
clerk of the superior court to be filed.    He did not knowingly

cause the delay, nor induce or consent to it, but was anxious to proceed to a final adjudication of the case, and hence appealed to the superior court at once. He was ready to try the case, and his defenses were meritorious.

The court dismissed the appeal.

A. A. Dozier, for plaintiff in error.

Eugene Ray and Goetchius & Chappell, contra.

LEWIS, J.    Under section 4468 of the Civil Code it is made the duty of the justice of the peace or notary public to transmit an appeal to the clerk of the superior court at least ten days before the next superior court. If there should be a failure on the part of the justice to comply with this statute, growing out of his own negligence and not through any fault of the plaintiff, this would not be sufficient ground for dismissing the appeal. It was ruled in the case of Robison v. Medlock, 59 Ga. 598, that an appeal from a justice's court can not be dismissed for the delay of the magistrate, it not appearing that the appellant either caused the delay or sanctioned it. Cannon v. Sheffield, 59 Ga. 103; Pearce v. Renfroe, 68 Ga. 194. In this case, however, the delay was not at all the fault of the magistrate, but is attributable to the negligence of plaintiff's counsel in taking the papers from the magistrate's office and not seeing that they were returned in time for transmission to the superior court within the period required by law. The decisions above cited make the rule as to the transmission of an appeal identical with that touching writs of error to this court. Section 5571 of the Civil Code provides that, "In case the bill of exceptions and copy of the record shall not reach the clerk of the Supreme Court before the cases from the circuit to which it belongs shall have been disposed of, said case shall not be dismissed on account of a failure to return or send up the same at the proper time," etc. In construing the law on this subject with reference to writs of error, this court has held that if the delay in the transmission of the record is attributable to the fault or negligence of the plaintiff in error or his counsel, the writ of error will be dismissed. Strong v. Ry. Co., 97 Ga. 693.

Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.