BOWER *v.* PATTERSON *et al.*

When an appeal from the judgment of a justice of the peace has been entered, it is the duty of the justice to transmit the same to the superior court; and when the attorney for the appellant, without authority from the justice so to do, hands the papers to such clerk, the appeal is not transmitted according to law, and should, upon motion of the opposite party therefor, be dismissed.

Argued November 25, — Decided December 13, 1902.

Appeal. Before Judge Spence. Decatur superior court. May term, 1902.

*Bower & Bower*, for plaintiff.

*A. H. & R. B. Russell*, for defendants.

FISH, J. Bower obtained a judgment against Patterson and others in a justice's court. The defendants, within the time prescribed by law, entered their appeal to the superior court, giving bond with surety, the bond being approved and accepted by the justice of the peace. On the same day, the plaintiff having objected to the sufficiency of the bond, the justice erased his approval of the same and returned the appeal papers, together with all the papers in the case, to the attorney of the defendants, with direction that he get better security. This the attorney failed to do, but on the same day, without being authorized by the justice so to do, handed the papers to the clerk of the superior court of the county in which the case had been tried, who marked the appeal papers filed. When the case was called for trial in the superior court, the plaintiff moved to dismiss the appeal, upon the ground that "said appeal and case [had] never been properly transmitted to the superior court." This motion was overruled, and the plaintiff excepted.

We think the court erred in refusing to dismiss the appeal. The Civil Code, § 4468, provides: "When an appeal from a judgment of a justice of the peace or notary public has been entered, it shall be the duty of such justice of the peace or notary public to transmit the same to the clerk of the superior court of the county in which proceedings may have been had, at least ten days before the next superior court of said county," etc. So, when an appeal has been entered in the court of ordinary, it is made the duty of the ordinary to transmit the same to the clerk of the superior court. Civil Code, § 4467. It will be seen, from these sections of the code, that it is the duty of the judicial officer in whose court the case is tried to transmit the appeal to the superior court. The law does not, and doubtless for good reasons, provide for the transmission of the appeal to the superior court by any one else than such officer. There is certainly nothing in the statute from which it can be inferred that a party to the case, or his attorney at law, may on his own motion, without any request or authority from such

officer so to do, discharge the duty which the law imposes on the judicial officer himself. While in the present case there is no claim, nor ground for the slightest suspicion, that the attorney for the defendants did not hand to the clerk of the superior court the identical papers, and only those papers, which it was the duty of the justice of the peace to transmit, it might not be safe to establish the precedent that, in any case of an appeal, a party at interest, or his attorney at law, can, on his own motion, hand the appeal papers to the clerk of the superior court. At any rate, we have no authority to enlarge the provisions of the statute, but must enforce them as they are written. We are aware that it has been held that the failure of the justice to transmit the appeal within the time prescribed by the statute is not cause for a dismissal of the same, if the delay in the transmission is neither caused nor sanctioned by the appellant, for the reason that the provision as to the time of transmission is merely directory to the justice. *Robison* v. *Medlock*, 59 *Ga.* 598; *Cannon* v. *Sheffield*, Ib. 103. But this does not sustain the contention of counsel for defendants in error, that the provision of the statute that the justice of the peace from whose judgment the appeal is taken shall transmit the same to the superior court is merely directory, and, therefore, any one else can transmit an appeal which has been duly entered. While the provision of the statute, that the justice of the peace who tried the case shall transmit the appeal to the clerk of the superior court, at least ten days before the next term of such court, is directory, it is directory to the justice, and to no one else; and because it is so directory, an appellant who is not at fault in the matter shall not suffer, by a dismissal of his appeal, on account of the delay of the justice in discharging the duty which the law imposes on him. But where the failure of the justice to transmit the appeal within the time prescribed by law is attributable to the fault of the appellant, in taking the papers from the justice's office and not returning them in time for transmission within the time fixed by law, the appeal may be dismissed, because not transmitted in time. *Washington* v. *Marcrum*, 106 *Ga.* 300. The duty of transmitting the appeal is an official duty which the law imposes on the justice, and the mere fact that the duty is a ministerial, and not a judicial one, does not authorize any one who, on his own motion, chooses to do so to discharge this duty for such officer. We have various

public officers whose duties are ministerial, but no one except such an officer can lawfully discharge his ministerial duty, unless duly and legally authorized to do so by the officer himself. In the case first above cited from 59 *Ga.*, Bleckley, J., referring to the failure of the justice of the peace to transmit the appeal within the time prescribed by law, said that "the spirit of our law is against depriving a party, who has duly entered an appeal, of the benefits thereof, on account of failure by the officers in their appointed functions, where that failure has not been induced or sanctioned by the appellant." If, as here indicated, the transmission of the appeal is an appointed function of the justice, then it seems clear that the appellant himself can not transmit it to the clerk of the superior court. If the appellant had the right to transmit the appeal himself, then, unless he showed that he had been prevented by the justice from exercising such right, there could be no good reason for holding that the appeal could not be dismissed upon the ground that it had not been transmitted within the time prescribed by the statute.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*