## KLINE v. SWIFT SPECIFIC COMPANY.

1. An appeal by a partnership must be in the name of the firm.
2. Where the record fails to show who constitute the firm, and the affidavit of appeal in forma pauperis states that K., of the firm, "being dissatisfied with the judgment, . . enters this his appeal, . . that he is advised and believes that he has good cause of appeal, and that, owing to his poverty and the poverty of said firm, he and said firm are unable to pay the costs, and . . give the bond required by law," and a motion is made to dismiss on the ground that the appeal is not by the firm, and there is no offer to amend under the Civil Code, § 5124, the appeal is properly dismissed.

Argued July 7, — Decided August 13, 1903.

Affidavit of illegality — appeal. Before Judge Lumpkin. Fulton superior court. November 26, 1902.

*G. W. Brooks,* and *Anderson, Anderson & Thomas,* for plaintiff. *Smith, Hammond & Smith,* for defendant.

LAMAR, J. The execution was in favor of the firm, and neither the fi. fa. nor the record discloses who constituted the partnership. The affidavit of appeal does allege that Kline, "a member of the firm of White, Kline & Company, . . being dissatisfied with the judgment [sustaining the affidavit of illegality], enters this his appeal, . . and that he is advised that he has a good cause of appeal," and that he and the firm are unable, because of his and their poverty, to pay the cost and give the bond. If the execution had issued against the partnership, and had been levied on Kline's individual property, he would have been interested in the result, and have been entitled to make defense. *Daniel* v. *Hochstadter,* 73 *Ga.* 144. But here he is not named in the fi. fa., and only the firm as such were parties to the affidavit of illegality. The appeal on its face was clearly the individual act of Kline. Nor is the appeal saved by the provisions of the Civil Code, § 4460, that "when several partners sue or are sued as such, any one of the partners may enter an appeal in the name of the firm." For here the appeal was not in the name of the partnership, nor was there any offer to amend so as to make it in the name of the firm, under the Civil Code, § 5124, which permits an amendment of an affidavit of appeal in forma pauperis. The motion to dismiss being on the ground that the appeal was the individual act of Kline, and there being no offer to amend, it must be considered that the deponent

intended the paper to bear its literal import. *Standard Co.* v. *Capital City Guards,* 99 *Ga.* 265; *King Co.* v. *Bowden,* 113 *Ga.* 925; 2 Cyc. 783 (3).

*Judgment affirmed.     By four Justices.     Candler, J., disqualified.*