## SANDERS *v.* MATHEWSON.

1. The appellant may, and, for the purpose of showing that the appeal is with his consent, should in good practice sign the appeal bond.

2. But the appellant is bound by the existing judgment, and will be bound for the eventual condemnation-money in case a subsequent judgment is rendered.

3. Where, therefore, the bond is actually given at the instance of the appellant and signed by the security, the appeal should not be dismissed because of the principal's failure to sign the instrument binding him for a liability as to which he already is, or otherwise will be, bound by the judgment.

4. The matters relied on by the defendant in error as to the failure to file and transmit papers can not be considered, since parol evidence was admissible to explain the alleged irregularities; and the dismissal was solely because the bond was not signed by the appellant.

Argued October 26, — Decided November 12, 1904.

Appeal. Before Judge Holden. Elbert superior court. March 17, 1904.

Mathewson brought two suits before W. M. Grogan, N. P. and ex-off. J. P., against Mrs. Sanders. She confessed judgment, and within the time allowed by law gave notice of appeal in both cases, paid the cost, demanded an appeal to a jury in the superior court, "and brings Mrs. Jennie L. Heard and tenders her as her security, and they, the said Corrie Sanders as principal, and the said Mrs. Jennie L. Heard as security, hereby acknowledge themselves bound unto the said plaintiff, J. D. Mathewson, for the eventual condemnation-money in said case, whatever it may be. Given under our hands and seals, this August 26th, 1903. [Signed] Mrs. Jennie L. Heard, L. S." Upon the call of the cases the appellant moved for a continuance; and subsequently

the appellee Mathewson moved to dismiss the appeal, because the pleas to the unconditiontal contract in writing did not appear on their face to have been filed in the justice's court, nor did it appear that they had been returned to the superior court by the justice, but instead, from an entry endorsed thereon by the clerk of the superior court, it appeared that the pleas had been received from the hands of Beasley. He also moved to dismiss on the ground that no appeal bond had been given ; that the bond was signed only by the security. In both cases the court passed an order dismissing the appeal, " because there is no legal bond to appeal the case." To this judgment Mrs. Sanders excepted.

*Z. B. Rogers*, for plaintiff in error.    *I. C. VanDuzer*, contra.

LAMAR, J. The judiciary act of 1799 required the appellant to give security, but said nothing about his signing a bond. The right to enter up judgment, and the whole scope of the act, however, clearly indicated that the security was not to be in the shape of a pledge or deposit, but in the form of a bond or recognizance, whether the same was by a separate instrument, or, as in *Shirley* v. *Price*, 30 *Ga.* 328, by a recognizance entered on the docket of the justice and signed only by the sureties. In every instance where the question has been passed on by this court, a bond of some sort had been actually given. Therefore these rulings are in point although the code now requires a " bond and security." Of course the appeal must be by the proper party. And in order to show that he actually assents, good practice would suggest that he or his authorized attorney should execute the bond. *Nisbet* v. *Lawson*, 1 *Ga.* 275; *King Co.* v. *Bowden*, 113 *Ga.* 924; *Kline* v. *Swift Co.*, 118 *Ga.* 514. In some States by statute " execution by " the appellant is required, and hence the failure to sign will work a dismissal. 1 Enc. Pl. & Pr. 974. But in the absence of such requirement his failure to execute will not work such result, if the proper security is given. Ibid. Here the bond recites that the appeal was by the appellant and that she tendered the security. Inasmuch as there has already been a judgment againt her, and she is bound thereby, and will likewise be bound for the eventual condemnation-money in case another judgment is recovered against her on the appeal, it is a needless thing for the appellant to sign the appeal bond. The appellee requires nothing more from him except security, and that is fur-

nished when the surety signs the bond.   *Maddox* v. *American. Trust Co.*, 109 *Ga.* 789.

The pleas to an unconditional contract in writing must be filed in the justice's court; but a defendant would not lose his right to be heard because the officer failed to mark them filed.   The appellant or his counsel can not of their own motion transmit the appeal papers to the clerk of the superior court, but there is nothing in the. record to show that in this case they had been unlawfully transmitted.   We can not, therefore, consider these grounds, especially as the judge put his decision solely on the failure to give the proper bond.   Civil Code, §§ 4139, 4468; *Bower* v. *Patterson*, 116 *Ga.* 814.

*Judgment reversed.   All the Justices concur.*