## 4683.  PARKS v. BANK OF ADAIRSVILLE.

1. Where an appeal from a justice's court has been duly entered therein, the costs paid, and the appeal bond approved, the appeal is not rendered invalid because the attorney for the appellant, on request of the justice, transmits and delivers to the clerk of the superior court the papers in the appeal case.  The case of *Bower* v. *Patterson*, 116 *Ga.* 814 (43 S. E. 25), distinguished.

2. After an appeal case from a justice's court has been tried and judgment rendered in the superior court, it is too late to move to set the judgment aside because of irregularity in the transmission of the appeal papers from the justice's court to the clerk of the superior court.  The proper practice is to move before trial that the appeal be dismissed for this reason.

3. The employment of counsel in a litigation extends to the whole of it from the time of employment to the end of the litigation, unless expressly limited by the client; and the attorney is expected to represent the client throughout its progress, unless otherwise instructed by him.

DECIDED JULY 8, 1913.

Motion to reinstate appeal; from Gordon superior court—Judge Fite.  January 16, 1913.

*J. M. Lang,* for plaintiff in error.   *F. A. Cantrell,* contra.

HILL, C. J.  The bill of exceptions in this case recites, that the proceeding in the lower court was a motion to reinstate the case and a motion for a new trial.  On the call of the case, after reading the papers and affidavits, the court passed an order striking the motion for a new trial and giving judgment for the costs against the movant, to which ruling the movant then and there excepted, and now excepts, and assigns the same as error.  Then, on motion for the respondent, the court passed an order overruling the motion to reinstate said case and refused to reinstate the same and to grant a new trial, to which ruling the movant excepted, and now assigns the same as error.  We gather from the rather chaotic condition of the record that the case was really a motion to set aside a verdict and judgment which had been rendered against the movant in the superior court on appeal from the justice's court.  It seems that the Bank of Adairsville brought suit in a justice's court against W. B. Parks on a promissory note, to which a plea of non est factum was filed; that the justice rendered a judgment in favor of the defendant, and the plaintiff took an appeal to a jury in the superior court; that on the trial of the appeal a verdict was rendered against the defendant, upon which a judgment was entered; and that the defendant, by his motion, desires to set aside this verdict and judg-

ment, on the following grounds: that he had no notice of the appeal having been entered; that he asked the justice if an appeal had been entered and the justice told him "no;" that, relying upon this statement of the justice, he did not appear at the term of the court to which the appeal would have been properly returnable, and that he was not represented in the trial of the appeal. It appears, however, that this statement was an error, since the evidence discloses that the appeal bond, which was filed by the defendant on the very day the judgment was rendered in the justice's court, was approved by the justice in the following language: "Costs paid and bond approved. W. A. Jones, N. P. & J. P." It further appears that on that day the appeal papers were turned over by the justice to the attorney for the appellant, with the request that he transmit them to the clerk of the superior court.

It is insisted by the plaintiff in error that the appeal was never properly transmitted to the superior court, because the attorney for the appellant had no authority or right to take the papers and deliver them to the clerk of that court; and he cites the case of *Bower* v. *Patterson,* 116 *Ga.* 814 (43 S. E. 25), where it is held that "When an appeal from the judgment of a justice of the peace has been entered, it is the duty of the justice to transmit the same to the superior court; and when the attorney for the appellant, without authority from the justice so to do, hands the papers to such clerk, the appeal is not transmitted according to law, and should, upon motion of the opposite party therefor, be dismissed." That decision is not controlling, for in the present case the evidence shows that the justice not only entered the appeal, but authorized the attorney for the appellant to transmit the papers to the clerk of the superior court. The evidence further discloses that on the trial of the appeal in the superior court the plaintiff in error was represented by an attorney at law, and if the appeal had not been properly transmitted, the proper procedure would have been to move to dismiss it on this ground. It is too late to make the point after judgment.

It is insisted by the plaintiff in error that this attorney did not represent him in the superior court on the trial of the appeal case, that he represented him only on the trial of the case in the justice's court. It does not appear, however, that he had discharged the attorney, and, having once employed him in the case, it would seem

fair to presume that the employment would continue until the end of the litigation, at least in the trial court, unless he was directly instructed to the contrary. It is held in *Walker* v. *Floyd*, 30 *Ga.* 240, that the employment of counsel goes to the whole of the litigation from the time of his employment to the end of the same, and he is expected, and it is his duty, to do every service in the progress of the cause that is necessary for the protection or defense of his client's rights. It appears also that this attorney not only represented the plaintiff in error on the trial of the appeal in the superior court, but subsequently filed a motion for a new trial in his behalf, which service the plaintiff in error accepted in the court below, and the dismissal of that motion by the lower court is the ground of one of his assignments of error, though not insisted on here. In the case of *Combs* v. *Choven*, 89 *Ga.* 779 (15 S. E. 686), it is held that "Failure to keep sight of the case and to ascertain when it stands for trial is negligence against which equity will not grant relief after the case has been tried ex parte and a judgment rendered in favor of respondent in the appeal proceeding." Certainly no case is made for relief from the verdict and judgment on appeal where the evidence discloses that the appeal has been properly entered and the appellee properly represented by counsel on the trial of the same. We think that the case for the plaintiff in error was entirely without merit, and that the refusal of the court below to reinstate the case and to grant a new trial should be

*Affirmed.   Russell J., dissents.*