FORD *et al.*, executors, *v.* REDFEARN.

Where an appeal was entered by certain executors from a judgment in a court of ordinary confirming the return of appraisers setting aside a twelve months support, without payment of costs and giving bond for future costs, and the appeal was not filed with the clerk of the superior court by the ordinary, or by any one authorized by him, but by one wholly disconnected with the proceeding, it was not error, on the hearing of a motion in the superior court to dismiss the appeal, for the trial judge, under the evidence, to dismiss it. But it being the duty of the ordinary to transmit the appeal without payment of costs in this case, the appeal should have been dismissed with direction that the papers be returned to the ordinary, in order that he might transmit the appeal to the superior court as required by law. Accordingly, the judgment of the court below is affirmed, with direction as just indicated.

JULY 13, 1916.

Appeal. Before Judge Cox. Thomas superior court. April 21, 1915.

*L. W. Branch* and *Roscoe Luke,* for plaintiffs in error.

*Titus, Dekle & Hopkins,* contra.

HILL, J. Mrs. Lillie Redfearn, as the widow of R. R. Redfearn, applied to the ordinary of Thomas county for a twelve months support out of the estate of her deceased husband. Appraisers

were appointed, who made their return to the ordinary, setting apart to the widow $2500 in cash. The executors of the estate filed their caveat to the return, upon several grounds. Upon the trial of the case in the court of ordinary the return of the appraisers was confirmed. The executors thereupon entered an appeal to the superior court of the county, the judgment and appeal both bearing date December 7, 1914. The appeal had entered thereon by the clerk of the superior court the following: "Filed in office, Jan'y 21, 1915, O. Groover, Dep. Clk. S. C." A copy of the appeal which was filed in the ordinary's office and in the clerk's office of the superior court was set out in the bill of exceptions. Upon call of the case for trial in the superior court on April 21, 1915, counsel for Mrs. Redfearn, the appellee, filed a motion to dismiss the appeal, upon the grounds: (1) That the appeal fails to show it was filed in the court of ordinary, there being no entry of filing thereon by the ordinary. (2) Because the appellants have never paid the cost accrued in the court of ordinary, and have failed to give any bond as required by statute for the payment of future costs that may accrue in the case. (3) Because the appeal affidavit and papers attached thereto were never filed by the ordinary in the office of the clerk of the superior court, nor were the same ever transmitted to the superior court by the ordinary, or by any person authorized or requested so to do by the ordinary, the same having been transmitted from the ordinary's office to the superior court by Louis Moore, who was not of counsel in the case, and was not requested or authorized by the ordinary to transmit the appeal and papers attached thereto from the ordinary's office to the office of the clerk of the superior court. Upon the motion to dismiss the appeal Oscar Groover testified: "I am deputy clerk of Thomas superior court. This appeal and all the papers connected with it were brought to my office, January 21, 1915, by Mr. Louis Moore, an attorney here in court. They were not brought by Judge William M. Jones, the ordinary of Thomas county. I made the entry of filing thereon at the time the papers were brought to my office. I have not said anything to appellants or their attorneys about it." Wm. M. Jones testified: "I am the ordinary of Thomas county. This matter was tried before me, December 7, 1914, and the appeal was afterwards duly filed in my office on the afternoon of the same day; but the ap-

pellants did not pay the cost in my court, or give any appeal bond, and for that reason I did not intend to transmit the appeal and the other papers to the clerk of Thomas superior court. I did not, however, notify the appellants or their attorneys that I would not transmit the papers to this court. These papers were carried from my office to the clerk's office on January 21, 1915, by Mr. Louis Moore. He is not employed in or connected with my office in any way, but he came in there on some business—I do not remember now what it was; and I showed him these papers, and he took them to the clerk. I never told him to do it, and I never told him not to do it; and after it was done I never mentioned it to the appellants or their attorneys. The appellants have not yet paid the costs in my court, and for that reason I have not transmitted the papers to the superior court, nor authorized any one to do so for me. I did not think they had a good appeal, because they had not given bond." Louis Moore testified: "I have never seen any of the papers in this case before today. It is possible that I carried them from the ordinary's office to the clerk's office, but if so it was done at the ordinary's request and without my looking at them enough to know what they were. There is no reason why I should have done it, except by his request. I have never had anything to do with the case, and have never talked about it to any of the parties on either side of it, or had any connection with the case in any way. If I had seen the papers in the ordinary's office I would not have known that they belonged to go to the clerk's office or even thought of it. I have no recollection now of having taken any sort of papers whatever from the ordinary's office to the clerk's office last January, and I can say positively that I did not do it unless it was by the ordinary's request and without my knowing the contents of the papers." Roscoe Luke testified: "I am one of the attorneys for the appellants, and up to about five or six days ago, when Mr. L. W. Branch, of Quitman, was employed, I was the sole attorney for the executors in this matter. I had nothing in the world to do with transmitting any of the papers from the ordinary's office to the clerk's office, nor did I ever know how they got transmitted until since this case was called for trial this morning. I had inquired some three or four weeks ago at the clerk's office and found that the appeal which had been filed in the ordinary's office had been transmitted to the clerk's office

of the superior court, and from the clerk's entry of filing on the appeal I presumed that the filing was due and regular, as it purported to be." It was agreed in open court, that counsel for the appellants, at a time more than ten days prior to the convening of the April term of the superior court, found that the appeal and all papers had been transferred to the clerk's office; that they then proceeded upon the presumption that the ordinary had done his duty and had transferred the papers as required by law, and made no inquiry as to how they came into the clerk's office; and that they are now the counsel representing the appellants in the case, and had nothing to do with the transmission of the appeal and other papers to the clerk's office. After hearing the evidence the court announced his intention to sustain the third ground of the motion to dismiss the appeal. Whereupon counsel for appellants, before judgment was entered in the matter, moved for an order overruling the motion to dismiss, upon the ground that no other order was proper; and further moved that the court, in the event the motion to dismiss was not overruled, pass an order directing that the appeal and all the papers connected with the case be returned to the court of ordinary, with directions to the ordinary to transmit them regularly to the office of the clerk of the superior court. The court denied the motion of the appellants, and entered a judgment dismissing the appeal, based on the third ground of the motion to dismiss. To this judgment the appellants excepted: (1) Because the judgment was contrary to law and the evidence. (2) Bcause, even if the appeal and papers connected therewith were not regularly in the superior court, the motion to dismiss and the evidence thereunder showed that neither the appellants nor their counsel were in any way responsible for the irregularity, nor did they have any notice or knowledge of the existence of the irregularity. (3) Because, if the irregularity in the transmission of the appeal existed without fault on the part of appellants or their counsel, the appellants should not be made to suffer the penalty of having their appeal dismissed, but in justice and equity the appeal and all papers connected therewith should, by proper order of the court, have been returned to the ordinary to transmit the same regularly to the office of the clerk of the superior court.

1. An appeal lies from a decision of the court of ordinary to the superior court, except from an order appointing a temporary ad-

ministrator. Civil Code (1910), § 4999. When an appeal has been entered in the court of ordinary, it is the duty of the ordinary to transmit the appeal to the clerk of the superior court in which the proceedings were had. Civil Code (1910), § 5012. There being conflicting evidence on the subject of whether the ordinary authorized or permitted the papers to be carried to the office of the clerk of the superior court, so as to make Moore his agent, or whether it was done without authority, and the court having, on the evidence, decided the case against the appeal, we can not say that there was error in the ruling on the question of fact; but if the ordinary caused the appeal papers to be filed in the superior court, Moore was his agent, and the filing there was a legal filing. If the ordinary did not authorize the filing of the appeal, but Moore voluntarily did so, then, under the ruling in *Bower* v. *Patterson,* 116 *Ga.* 814 (43 S. E. 25), it was not a good transmission, and the appeal would have to be dismissed. In the case cited this court held: "When an appeal from the judgment of a justice of the peace has been entered, it is the duty of the justice to transmit the same to the superior court; and when the attorney for the appellant, without authority from the justice so to do, hands the papers to such clerk, the appeal is not transmitted according to law, and should, upon motion of the opposite party therefor, be dismissed."

Under the ruling in *Robison* v. *Medlock,* 59 *Ga.* 598, it was the duty of the ordinary to have made the transmission of the appeal. If the appellants or attorneys were in no way connected with the delay, so as to prevent the ordinary from transmitting the appeal without payment of costs, they would not be allowed to suffer for that reason. While we can not say that the court erred in passing upon the facts and in holding that the transmission was improperly made, nevertheless, it being the duty of the ordinary to transmit the appeal without payment of costs in this case (Civil Code, § 5009), the court should not make appellants or counsel suffer, and should dismiss the appeal with direction that the papers be returned to the ordinary in order that he may transmit the appeal as required by law. Civil Code, § 5012.

*Judgment affirmed, with directions. All the Justices concur.*