31447.   BERKELEY *v.* STATE OF GEORGIA.

DECIDED JANUARY 25, 1947.

*H. G. Rawls, Bennet, Peacock & Perry,* for plaintiff.

*Eugene Cook, Attorney-General, R. A. McGraw, Assistant Attorney-General,* for defendant.

PARKER, J.   1.   The refusal of the State Board of Medical Examiners to permit a person to take the examination required of applicants for licenses to practice medicine, where such person fails or refuses or is unable, for lack of educational qualifications or for other reasons, to make application "upon such form and in such manner as shall be adopted and prescribed by the board," is not a judgment of the Board of Medical Examiners refusing a license to practice medicine from which an appeal to a jury in the superior court will lie as provided and contemplated by the Code, §§ 84-907 and 84-920.

2.   An appeal from the judgment of the Board of Medical Examiners, by a person who is refused a license by the board, to a jury in the superior court, is to be had as in other cases provided by law.   Code, § 84-920.   An appeal from a judgment of an ordinary or a justice of the peace to the superior court is to be transmitted by such ordinary or justice of the peace to the clerk of the superior court of the county in which the proceedings may have been had.   §§ 6-205, 6-302.   These sections contemplate the entering of the appeals in the court of ordinary or in the justice court, and the bond required on an appeal from the court of ordinary must be filed in that court.   *Sims* v. *Walton,* 111 *Ga.* 866 (36 S. E. 966); *Bates* v. *Weaver,* 145 *Ga.* 241 (88 S. E. 986).   It follows that an appeal from the judgment of the Board of Medical Examiners shall be filed with the board and transmitted by the

board to the superior court of the county of the residence of the appellant. An appeal not so filed and transmitted is invalid and should be dismissed on motion. *Bower* v. *Patterson,* 116 *Ga.* 814 (43 S. E. 25) ; *Ford* v. *Redfearn,* 145 *Ga.* 498 (89 S. E. 611).

3. A motion in the form of a written petition and rule nisi issued thereon to arrest, set aside, and vacate a verdict and judgment rendered on what purported to be an appeal from the action of the State Board of Medical Examiners in refusing to permit a person to take the examination required of applicants for licenses to practice medicine, where such person did not make the necessary application prescribed by the board, as referred to in division 1, and which alleged appeal was not filed with the board nor transmitted by it to the superior court, was made by the State of Georgia during the term at which the verdict and judgment were rendered. Said motion alleged that the decision of the Board of Medical Examiners was not a judgment from which an appeal would lie, that said alleged appeal was never filed with the board nor transmitted by it to the superior court as required by law, that the superior court had no jurisdiction to render the said verdict and judgment, and that said verdict and judgment were void because they were obtained by fraud perpetrated upon the court and against the State of Georgia; and that the State of Georgia had a good and valid defense against the purported appeal, and had filed no defense and was not represented in court when the verdict and judgment were taken on account of an honest mistake and misunderstanding as to when the court would be held. *Held:* That the court did not err in overruling a demurrer to the motion, and in sustaining such motion, and in arresting, vacating, and setting aside the verdict and judgment to which it related. See the Code, §§ 110-701, 110-702, 110-707, 110-709, *Lyons* v. *State,* 7 *Ga. App.* 50 (66 S. E. 149), *Benford* v. *Shiver,* 13 *Ga. App.* 135 (78 S. E. 860), *Southern Cotton Oil Co.* v. *Taylor,* 18 *Ga. App.* 56 (88 S. E. 798), *Longshore* v. *Collier,* 37 *Ga. App.* 450 (140 S. E. 636), *Mullis* v. *Bank of Chauncey,* 40 *Ga. App.* 582 (150 S. E. 471), *Perry* v. *Fletcher,* 46 *Ga. App.* 450 (167 S. E. 796), *Dugan* v. *McGlann,* 60 *Ga.* 353, *Turner* v. *Jordan,* 67 *Ga.* 604,. *Goodrich* v. *Handy,* 91 *Ga.* 29 (16 S. E. 108), *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640 (50 S. E. 483), *Ford* v. *Clark,* 129 *Ga.* 292 (58 S. E. 818), *Montgomery* v. *Suttles,* 191 *Ga.* 781(3) (13 S. E. 2d, 781), and *Deen* v. *Baxley State Bank,* 192 *Ga.* 300 (15 S. E. 2d, 194).

This case was considered and decided by the whole court, as required by the act approved March 8, 1945 (Ga. L. 1945, p. 232), there being a dissent in the division to which the case was originally assigned.

*Judgment affirmed. Sutton, P. J., concurs; MacIntyre, J., concurs specially; Broyles, C. J., and Gardner, J., concur in the judgment. Felton, J., dissents.*

MacIntyre, J., specially concurring. "The trial in the superior court of such a case on appeal 'is had without reference to the evidence introduced in the former trial and is a de novo investigation.'

"'When a case is on appeal any amendment, whether in the matter of form or substance, may be made which could have been made while the case was in the primary court.'

"'The new trial is had on papers connected with the case when the judgment was rendered, subject to proper amendment.' . .

"'The trial of the case on appeal is a de novo proceeding, but it by no means follows that the pleadings and defenses in the case are to begin over again in this new trial. On the contrary, the new trial is had on the papers connected with the case when the judgment was rendered . . subject to proper amendment.' *Freeman* v. *Carr,* 104 *Ga.* 718 (30 S. E. 935)." *Wofford* v. *Vandiver,* 72 *Ga. App.* 623 (3-4-5), 626 (34 S. E. 2d, 579).

In the instant case, the verdict and judgment in the superior court on a purported appeal from an inferior judicatory were erroneous on the face of the pleadings and the record, because no original pleadings or papers of any kind appear from the record to have been transmitted from the inferior judicatory to the superior court. While it is true that the trial on an appeal in a superior court from an inferior judicatory is to be had without reference to the evidence introduced in the latter court, yet here, where no papers connected with the case in the primary court or inferior judicatory were transmitted to the superior court with the purported appeal, if any, there were no papers transmitted from the inferior court which could be amended in the superior court; and since the case in the superior court must be tried on papers connected with the case in the inferior judicatory, which should be transmitted to the superior court subject to proper amendment in the superior court, it follows that there were no pleadings or papers in the superior court

which would authorize the exercise of the jurisdiction of the superior court on a purported appeal of the case from the inferior judicatory. Thus, the question to be determined by the superior court is one of law; that is, whether a legal verdict and judgment can be founded upon any operative pleadings or papers in the superior court on a purported appeal from the inferior judicatory. I think that there were no operative pleadings or papers in the superior court upon which the verdict and judgment in question could be founded, no matter what the evidence in such court might have been. The superior court did not err in holding that the verdict and judgment in such court was void for this reason and in vacating such verdict and the judgment based thereon. *Wofford* v. *Vandiver*, supra.

FELTON, J., dissenting. C. N. Berkeley, the plaintiff in error, filed in the Superior Court of Seminole County what purports to be an appeal from a judgment of the State Board of Medical Examiners. He alleges in his appeal substantially the following: He is of good moral character and possesses the medical education and training and all of the qualifications defined, purported, and intended under the laws of Georgia to practice medicine and surgery in this State. On January 25, 1946, he made application to the State Board of Medical Examiners through the Joint Secretary of the State Examining Boards of Georgia for a license to practice medicine and surgery in Georgia. On March 29, 1946, after having been advised by the board to do so, he appeared before the board at its regular meeting for the purpose of obtaining from the board upon his application a license to practice medicine and surgery, and after hearing him upon his application, the board refused to grant him the license applied for; and he, being dissatisfied with the action and judgment of the board refusing him a license, entered his appeal to a jury in the Superior Court of Seminole County, after having tendered all the costs required of him by statute, and giving bond. At the July term, 1946, there being no appearance on behalf of the State, and after the introduction of evidence by the appellant, the court directed a verdict in favor of the appellant Berkeley, and thereafter entered judgment upon the verdict so returned by the jury. Thereafter on August 7, 1946, the State filed its motion in arrest and to vacate and set aside the verdict and judgment. A rule nisi was issued and the motion came on for hearing on the

31st day of August, at which time the court passed an order, after having considered both general and special demurrers of the appellant to the motion, arresting, vacating, and setting aside the verdict and judgment.

The grounds of the State's motion are substantially these: The State's attorney was not present at the time of the trial of the appeal, the State's defense was not presented to the court, and the term at which the verdict and judgment were rendered has not been adjourned. The alleged appeal was never entered with or approved by the State Board of Medical Examiners, and was never transferred or transmitted by the State Board of Medical Examiners to the Superior Court of Seminole County; and more than four days has elapsed from the date of the alleged decision of the board. The alleged appeal was first filed in the Superior Court of Seminole County and a copy served on the Joint Secretary of the Examining Boards of the State of Georgia (which is not the correct manner of appeal), and for these reasons the Superior Court of Seminole County had no jurisdiction to render the verdict and judgment, and both the appeal and the judgment are void. Further, the decision of the State Board of Medical Examiners is not a judgment from which an appeal may be taken, because the appellant filed no written application with the board to obtain the right to practice medicine in this State, but merely appeared in person and requested that he be allowed to practice medicine in this State, without furnishing proof that he was qualified to take the examination as required by Code, § 84-907, and therefore, the appellant Berkeley had no right of appeal from such a decision. The State says that it had a good and valid defense to the appeal and could have shown that Berkeley did not possess sufficient medical education to be licensed as a practicing physician and surgeon, and that he was not a graduate of a medical college recognized by the board, which is a requisite of the statute in such cases. The State offers the further ground that on January 31, 1946, the Governor approved a bill of the General Assembly changing the terms of the Superior Court of Seminole County from April and October to January and July, and since this act had not been made available to attorneys and officers of the State, the State's attorney assigned to this case had no actual knowledge of the passage and approval of the act, but was relying upon the published act of 1945 which

shows the terms of the court to be April and October, and, therefore, he was not present to represent the State and he was not negligent but used due diligence to ascertain the time of the next term of court after the April term, the court having granted to the State's attorney a continuance of the case until the next term on account of the illness of the State's attorney's mother. By amendment the State alleges that the verdict and judgment are void on the ground that they were obtained by a fraud practiced upon the court, in that the appellant Berkeley filed with the clerk of the court a petition and bond in the nature of an appeal, wherein it was alleged and represented to the court that on January 25, 1946, he had made application to the State Board of Medical Examiners through the Joint Secretary of the State Examining Boards for a license to practice medicine and surgery; and that on March 29, 1946, he appeared before the board for the purpose of obtaining a license upon his application, and that after a hearing the board refused to grant him a license, which allegations are absolutely false and untrue, as known to the appellant Berkeley. In the final ground of its motion, as amended, the State says that the allegations of Berkeley's appeal that he possessed the medical education and training and the qualifications defined, purported, and intended under the laws of Georgia prerequisite to the practice of medicine and surgery, were false and untrue; the truth thereof being that Berkeley did not hold a diploma from a recognized medical college in good standing with the board as required by statute.

Berkeley filed his demurrers, both general and special, to the motion. They are substantially as follows: The motion is insufficient in law and equity to present any cause as to why the verdict and judgment rendered should be arrested, vacated, or set aside. The motion attempts to attack the verdict and judgment for reasons which do not appear on the face of the record, and fails to embody therein any brief of evidence or transcript of evidence adduced upon the trial of the case on appeal. The appellant specially demurs to paragraph 2 upon the ground that it can not be considered without the introduction of proof outside of what appears upon the face of the record, and it affirmatively appears that the averments of this paragraph should have been urged in the court prior to the rendition of the judgment complained of. He

demurs specially to paragraph 3 upon the ground that it contains only erroneous conclusions of law, and the matter there urged can not be considered by the court without the aid of a transcript of the evidence adduced upon the trial and should have been urged in the court prior to the rendition of the judgment. He demurs specially to ground 4 of the motion upon substantially the same grounds as those against paragraph 3.

On August 31, the demurrers were overruled and the court passed an order sustaining the motion and arrested, vacated, and set aside the judgment rendered in favor of Berkeley.

Berkeley assigns error upon the overruling of the demurrers and the judgment arresting, vacating, and setting aside the original judgment in his favor.

1. The proceeding brought by the State in this case is not good as a motion in arrest of judgment or as a motion to set aside the judgment because the irregularities alleged do not appear on the face of the record. Code, §§ 110-702, 110-703, 3-702, *Regopoulas* v. *State*, 116 *Ga.* 596 (42 S. E. 1014); *Simpson* v. *Bradley*, 189 *Ga.* 316 (5 S. E. 2d, 893); *East Side Lumber &c. Co.* v. *Barfield*, 193 *Ga.* 273 (18 S. E. 2d, 492); *Schofield's Sons Co.* v. *Vaughn*, 40 *Ga. App.* 568 (150 S. E. 569).

2. It is not good as a motion for a new trial because it is not accompanied by a brief of evidence. An application seeking relief against a judgment improperly obtained, brought by petition with rule nisi or process and service on the necessary parties, is in effect a motion for a new trial and is subject to all the rules governing such a motion. *Schofield's Sons Co.* v. *Vaughn*, supra; *Dollar* v. *Fred W. Amend Co.*, 186 *Ga.* 717, 718 (2) (198 S. E. 753); *Crenshaw* v. *Crenshaw*, 198 *Ga.* 536 (32 S. E. 2d, 177); *Claughton* v. *State*, 179 *Ga.* 157 (175 S. E. 470).

3. It does not appear from the record whether the question as to whether a judgment has been rendered from which an appeal would lie was adjudicated on the trial of the appeal. I am not prepared to say that such a question was a proper one on the merits of the case, as such a trial presupposes a valid judgment from which an appeal could be taken. Assuming that such question was adjudicated, it must have been based on alleged false testimony of the appellant, and the verdict and judgment could not be set aside unless the appellant had been convicted of perjury. Code,

§ 110-706. If this question was not adjudicated on the trial, the conviction would not be a prerequisite for setting aside the verdict and judgment, but the question can not be raised by a motion to set aside. It must be made in a separate and independent action because the irregularities do not appear on the face of the record. See authorities cited above. One of the principal differences between motions in arrest and motions to set aside on the one hand, and independent proceedings on the other, is that in the former the judge is the sole trior and in the latter the questions of fact must be submitted to a jury.

4. It does not appear on the face of the record that the appeal was not properly transmitted to the superior court. *Sanders* v. *Mathewson,* 121 *Ga.* 302 (48 S. E. 946), and see *Ford* v. *Redfearn,* 145 *Ga.* 502 (89 S. E. 611).

The State had notice of the appeal and should have moved to dismiss it at the first term or when the case was called for trial. *Bower* v. *Patterson,* 116 *Ga.* 814 (43 S. E. 25) ; *Parks* v. *Bank of Adairsville,* 13 *Ga. App.* 48 (78 S. E. 856).

No good reason appears why the attorney for the State could not and should not have apprised himself of the time at which the court would convene at its next regular term following the April term. *Combs* v. *Choven,* 89 *Ga.* 779 (15 S. E. 686) ; *Schofield's Sons Co.* v. *Vaughn,* supra; *Bowman* v. *Winn,* 16 *Ga. App.* 546 (85 S. E. 787) ; *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39) ; *Hurt Building Inc.* v. *Atlanta Trust Co.,* 181 *Ga.* 274 (182 S. E. 187). The authorities cited in the majority opinion have been overruled or distinguished in the later decisions herein cited or are not applicable to the facts of this case, or are contrary to the oldest opinions. The oldest decisions support the most recent rulings of the Supreme Court to the effect that a motion to set aside or to arrest a judgment must be based on defects appearing on the face of the record. See *Brown* v. *Lee,* 21 *Ga.* 159 ; *Collins* v. *Hutchins,* 21 *Ga.* 270 ; *Hammond* v. *Candler,* 22 *Ga.* 281 ; *Loudon* v. *Coleman,* 62 *Ga.* 146 ; *Merritt* v. *Bagwell,* 70 *Ga.* 578 ; *Sanner* v. *Sayne,* 78 *Ga.* 467 (3 S. E. 651).

For the foregoing reasons I am of the opinion that the court erred in overruling the demurrers to the motion to arrest, vacate, and set aside the judgment, and that the judgment arresting, vacating, and setting aside the original judgment should be reversed.