THOMAS J. WOOLFOLK *et al.*, plaintiffs in error, *vs.* DANIEL F. GUNN, defendant in error.

(BY TWO JUDGES)—1. The bankruptcy of the defendant is no reason why the Superior Court of this State should not hear and decide upon a motion to correct its minutes and make them speak the truth by entering *nunc pro tunc* upon its minutes, the verdict of the jury rendered years previously in a suit against the bankrupt.

2. When, after a judgment had been signed, and execution issued and several years had elapsed, a motion was made to put upon the minutes of the Superior Court the verdict of the jury in the case, which did not appear on the minutes, and it appeared that there was a verdict in writing, signed by the foreman of the jury of the proper term, and an entry upon the Judge's docket, in his own hand, of "verdict" in the case :

*Held*, That the question was one to be tried by the record; that no jury was required, unless affirmative issues of fraud were tendered.

*Held also*, That there was sufficient in the record to authorize the amendment.

3. *Held also*, That in granting the amendment the order should be so framed as that it should work no harm to any defenses to the judgment which any of the parties to the motion might have, growing out of the failure of the plaintiff to have his verdict entered at the proper time. 12th March, 1872.

Amendment. Practice. Bankruptcy. Tried before Judge COLE. Bibb Superior Court. April Term, 1871.

This was a motion by Thomas J. Woolfolk, James H. Woolfolk and John W. Woolfolk, security, to set aside a judgment obtained in said Court, at May Term, 1869, in favor of Daniel F. Gunn, guardian, etc., against them and the *fi. fa.* issued thereon, on the grounds that said judgment and *fi. fa.* were not founded on any legal verdict or other legal authority, and also, that said judgment and *fi. fa.* were not on the minutes or records of this Court.

At the same time and before said motion, a motion was made by the plaintiff, in said judgment and *fi. fa.*, to enter the verdict rendered by a jury of said Court at the May Term, 1869 thereof, and on which said judgment was founded on the minutes of said Court *nunc pro tunc.* The motion to enter the verdict *nunc pro tunc* on the minutes was first taken and the first in order, there being no verdict on the minutes in said case. To this motion the said defendants, Woolfolks, made the following objections, and asked that the issues they presented be submitted to a jury for trial, to-wit:

No verdict was ever rendered in said case; the entry on the declaration, purporting to be a verdict, was in fact not a verdict of any jury of said Court duly rendered in said case.

Defendants further objected to the granting said motion, because the said James H. Wollfolk has been duly declared a bankrupt in the District Court of the United States, for the Southern District of Georgia, and proceedings are now pending in bankruptcy in said Court against him, and they claim that no judgment or order can be taken in this Court affecting him while said proceedings are pending in said Bankrupt Court. Between the term of the Court at which a verdict in said case is alleged to have been rendered, and the application to enter the same on the minutes *nunc pro tunc,* innocent third parties, to-wit: I. C. Plant & Son, and others, have obtained *bona fide* liens on the property of these depo-

Woolfolk *et al. vs.* Gunn.

nents, and innocent parties have become *bona fide* creditors of these deponents, on the faith of said property, and their rights may be injuriously affected by said *nunc pro tunc* order.

Said Court refused to allow said objections to be submitted to a jury on the issues made therein, on the ground that as it was all of record in the Court, the Court only could decide it, and, as the papers of the Court show a verdict at the term to which it was returned, he allowed the verdict to be entered *nunc pro tunc.* Said motion and the said objections thereto being heard together, it was shown to the Court that there was no verdict in said case on the minutes of said Court, and the declaration (original and second originals) with the entries thereon and said verdict and judgment and *fi. fa.* were exhibited and read to the Court, also one entry of verdict from the Bench Docket, May Term, 1869, opposite said case in the handwriting of the Judge.

The Court, after argument, ordered and adjudged that said motion to set aside said judgment and *fi. fa.* be refused, and granted said motion to enter what purported by an entry on said declaration to be a verdict rendered in said case on the minutes of said Court *nunc pro tunc,* to which several rulings and judgments the said defendants to said judgment and *fi. fa.* then and there excepted.

WHITTLE & GUSTIN; SAM. HALL; LANIER & ANDERSON, for plaintiffs in error. Judgment can be entered only upon a verdict: R. Code, sec. 3510; 40 Ga. R., 56. The presumption is that, if what purported to be a verdict was one, it would appear on the minutes: R. Code, sec. 3700. What makes a good verdict: Bouv. L. Dic., 622; 10 Bac. Abridg., 306. The Judge's entry on the docket was but a *memorandum:* 4 Ga. R., 157. Whether there was a verdict was a collateral issue for a jury: R. Code, sec. 3555. Bankruptcy ousted jurisdiction of State Court: Bankrupt Act 1867, sec. 21. Sections 3444 and 3449 do not cover this case. *Bona*

*fide* creditors, etc., bound by record only : 40 Ga. R., 56 ; 18th, 287. As to surety's' risk being increased : R. Code, sec. 2126 ; 37 Ga. R., 428.

JAMESON & NESBIT and B. & W. B. HILL, by THE RE-PORTER, for defendant. A finding, when delivered into Court, is a verdict without record : 6 Ga, R., 458 ; 7th, 191 ; 3d, 18 ; 1st, 559 ; 16th, 194 ; 38th, 444. Order, *nunc pro tunc*, was proper : R. Code, secs. 3449, 194 ; 13 Ga. R., 223. Bankruptcy not in the way : Bump. on Bankruptcy, 194, 344 ; 42 Ga. R., 192, 518. We ask damages for delay : R. Code, sec. 4221.

McCAY, Judge.

1. The Court where a judgment is rendered is the proper, and, indeed, the only Court where a motion can be made to amend it. The fact that the defendant is a bankrupt, that proceedings are either pending, or have been concluded in the Federal Court, to have him declared a bankrupt does not, as it seems to us, have anything to do with the motion. It may be that the judgment is a lien on certain property, and may have, for that reason, a preference in the Bankrupt Court, or that it has a lien on property sold by the defendant; or, as in the case here, there may be parties to the judgment who are not relieved by the principal defendant's bankruptcy. · In either of these cases, the Court of the State may find it to be its duty to amend the judgment, to make it conform to the truth of the case. Hardly any limit can be put to the power of a Court to amend its own records so as to make it tell the truth, as to what actually transpired. The power is stated generally, and without limitation in the Code, sections 194, 3448, 3449, 3456 ; and, in the nature of the case, this must be so. The truth ought always to be in the records. They are said to import verity, and cannot be gainsaid, and Courts ought, therefore, to be vigilant to see to it that they are true. As between the parties, we see no reason to fix a limit as to

Woolfolk *et al. vs.* Gunn.

time, except on the principle applied in equity to stale demands.

2. There was plenty of record evidence to satisfy the Judge. The entry on the original writ, signed by the foreman, and the entry by the Judge, in his own hand, on his Bench Docket, was sufficient. These are not, perhaps, technically, records, but they are in the nature of records. It is said they might have been forged. True, and if *such* an issue had been tendered, a jury would have been necessary. As it is, the Judge was the proper person to ascertain what his minutes ought to speak.

3. Much of what was put in these pleas was not matter to be heard. Parties not before the Court had no interest, and would not be bound by the judgment. But there were parties before the Court, whose rights might be affected by this amendment, if allowed. The securities to the debt, if damaged by this failure to have the verdict entered, have a right to take advantage of the failure, and we think, as the point was distinctly made, the amendment ought to be qualified so as not to affect any right of the surety. When the execution is proposed to be used against him, he may wish to insist that he has been damaged by this failure to have the verdict entered. That it ought to be entered is, to us, very clear. The truth of a case ought always to appear on the record. What effect the failure to see to it, at the time, that the record was true, shall have on the plaintiff's rights against the security and purchasers, is another question, that cannot be made until the record is perfected.

Judgment affirmed, as qualified.