ANDREW M. SLOAN, plaintiff in error, *vs.* JAMES H. COOPER, defendant in error.

1. Where a bill was filed by one partner against his other two partners, in the county of the residence of one of the latter, for discovery as to their business and an account and settlement, but which alleged that all of the assets of the late firm were in the possession of the partner resident in a county other than that of the suit, and a decree was rendered against the non-resident defendant, upon which execution issued and was levied:

*Held*, that an affidavit of illegality thereto, on the ground that the court had no jurisdiction of the non-resident, as the bill was not filed in the county of his residence, and no substantial relief was prayed against the other defendant, was properly overruled. The constitution provides that suits against copartners may be tried in the county of the residence of either.

2. Where a demurrer was filed to a bill on account of want of jurisdiction in the court, which was overruled, and a writ of error sued out to this court, where the judgment was affirmed by the dismissal of the case for want of jurisdiction:

*Held*, that this being an appellate tribunal, having jurisdiction of all the parties defendant, its judgment was conclusive as to the question of jurisdiction, and debarred the defendant from setting up the same defense by affidavit of illegality.

3. The decree not having been signed by the chancellor, the illegality to the execution based thereon, on that ground, was properly sustained.

4. Where a decree was signed by counsel instead of the chancellor, such defect can be cured at a subsequent term by a *nunc pro tunc* judgment. The rights of third persons could not be thereby affected.

McCAY, Judge, concurred.

Equity. Jurisdiction. Venue. Judgments. Courts. Decrees. Amendments. Illegality. Before Judge McCUTCHEN. Chattooga Superior Court. September Term, 1874.

For the facts, see the decision.

R. D. HARVEY, for plaintiff in error.

WRIGHT & FEATHERSTON; ALEXANDER & WRIGHT, for defendant in error.

WARNER, Chief Justice.

This was a bill filed by the complainant, Cooper, in the superior court of Chattooga county, against Alman, residing in that county, and Sloan, residing in the county of Chatham, in which the complainant alleged that he, Alman and Sloan, in consequence of a large quantity of grain which Cooper and Alman had purchased under an agreement with Sloan, having become mixed together at the mill where it was stored for the purpose of being manufactured into flour, the parties entered into a new agreement, by which they were to unite their stock of grain; that Cooper and Alman should continue to purchase grain, Sloan furnishing the money, and to keep the books, accounts of shipping, sales, etc., and to divide the profits equally between them, after deducting necessary expenses of milling, shipping, sales, etc. The complainant also alleges that he had advanced, out of his individual funds, the sum of $997 53 for the purchase and transportation of wheat, and $173 25 on account of flour purchased; and prays in his bill that the defendants, Sloan and Alman, may account with him for such sum as may be found to be due by them respectively, and to abide by such judgment or decree as should be made against them, or either of them. There was a demurrer to the bill by Sloan for want of jurisdiction of the court, as to him, on the ground that no substantial relief was prayed against Alman, who resided in Chattooga county where the suit was instituted. The demurrer was overruled and a writ of error brought to this court, which was dismissed for want of prosecution, and the judgment of the court below affirmed. The defendant, Sloan, answered the bill, and it was taken *pro confesso* as to Alman, he being unable to speak or write by reason of a stroke of paralysis. On the trial of the case the jury found a verdict against Sloan for $3,051 95, upon which a judgment was entered in the common law form, but was not signed by the chancellor and entered on the minutes of the court. An execution was issued thereon, and levied on the defendant's property, who made an affidavit of illegality thereto, on the

ground that the court had no jurisdiction to render the judgment, and because no decree had been made in the case, signed by the chancellor, and entered on the minutes of the court. The court overruled the affidavit of illegality on the ground that the court had no jurisdiction to render a decree against Sloan, but sustained it on the ground that there had been no decree made in the case, signed by the chancellor, and entered on the minutes of the court; the court then allowed a decree to be signed by the chancellor and entered on the minutes *nunc pro tunc*, whereupon both parties excepted.

1. The main question argued here was whether the judgment against Sloan, as appears on the face of the record, is not void for the want of jurisdiction of the court of Chattooga county as to him. It is insisted that the judgment is void, because no substantial relief was prayed for in the complainant's bill against Alman, who resided in that county. It is true that the constitution declares that equity cases shall be tried in the county where a defendant resides, against whom substantial relief is prayed, but it is also true that the constitution declares that suits against joint promissors, *copartners*, or joint trespassers, residing in different counties, may be tried in either county. The facts alleged in the complainant's bill, under the second agreement of the parties, constituted them copartners, as between *themselves*, in relation to that particular business or adventure in which they contracted to engage : Code, sections 1887, 1888. Matters of account was an ancient head of equity jurisdiction, and is still recognized by our Code, section 3130. The complainant filed his bill against his two copartners in that particular adventure in which they had embarked under their contract, calling upon them for a discovery, and to account with him in relation to these transactions as to the business in which they had been engaged under their contract, and upon such accounting that they might be decreed to pay him such sum as might be found to be due to him by them respectively. Such is the object and prayer of the bill upon its face. The subject matter, as alleged in the bill, was a proper subject

matter, for a court of equity to exercise its jurisdiction. A court of equity having jurisdiction of the subject matter of the suit in the county of Chattooga, did the court properly have jurisdiction of the person of Sloan, on the statement of facts contained in the record ? Assuming, as we do, that the parties, by their contract, were, in contemplation of the law, copartners as between *themselves* in the particular business or adventure in which they were engaged, as set forth in the record, the complainant had the legal right to institute his suit in equity in the county in which either of the defendants resided, and having done so, the court of the county in which the suit was instituted had jurisdiction to try the case as to both the defendants, although Sloan, the other defendant, resided in a different county. The decree of the court on the final hearing of the bill was a final settlement of the alleged copartnership transaction between the parties, including the defendant Alman.

2. Besides, the judgment of this court, being an appellate tribunal, that the superior court of Chattooga county did have jurisdiction of both the parties defendant, by affirming the judgment of that court on the demurrer thereto, was conclusive as to that question. In view of the facts as disclosed in the record, there was no error in overruling the affidavit of illegality as to the want of jurisdiction of the court rendering the judgment.

3. We find no error in sustaining the affidavit of illegality on the ground that the decree was not signed by the chancellor, as required by the 4212th section of the Code, and entered on the minutes of the court.

4. There was no error in allowing the proper decree on the verdict to be signed by the chancellor and entered on the minutes of the court *nunc pro tunc,* so far as the defendant was concerned. As a matter of course, the rights of third persons could not be affected by it.

Let the judgment of the court below be affirmed.

McCay, Judge, concurring.

1. Where a bill in equity was filed in Chattooga county by one of three partners against the other two, one of the latter living in Chattooga and the other in Chatham, seeking a settlement of the partnership affairs, and it appeared from the statements in the bill that the assets were all in the hands of the partner residing in Chatham:

*Held*, that the bill was rightly filed in Chattooga. The settlement of the affairs of the partnership by a decree fixing the interest of the complainant in the assets, is a binding decree against both defendants, and it is immaterial in whose hands the assets are. The settlement, as between all the partners, of the complainant's interest, is *substantial relief*, so as to give jurisdiction in Chattooga.

2. Whilst the judgment of a court that it has jurisdiction, is not conclusive between the parties, if the question arise on the face of the record, yet if that judgment be objected to and carried before a court having *jurisdiction to correct the errors* of the court making such judgment, and the same be affirmed by the appellate court, the parties are concluded and cannot deny the validity of such judgment.

3. Where a question of jurisdiction depends on facts, which appear in evidence or are admitted on the trial, the judgment of the court that it has jurisdiction, is conclusive between the parties, unless it be excepted to and reversed.