F. A. CANNON, administrator, plaintiff in error, *vs.* JAMES A. SHEFFIELD, defendant in error.

1. That the papers in a case appealed from a justice court were not forwarded and filed in the clerk's office of the superior court until seven days before the next term thereof, constitutes no ground on which to dismiss the appeal.
2. Where judgment *de bonis testatoris* was rendered by the justice, and the defendant, on the same day, entered an appeal without giving security, and subsequently the judgment was amended by the justice, so as to charge the defendant individually, the appeal should not be dismissed because entered without the appellant's giving bond and security.
3. Did the justice have the authority to amend the judgment after the appeal ?

Appeals.   Administrators and executors.   Judgments. Amendment.   Before Judge BARTLETT.   Wilkinson Superior Court.   April Term, 1877.

Reported in the opinion.

BOWER & BOWER, for plaintiff in error.

J. W. LINDSAY, by brief, for defendant.

WARNER, Chief Justice.

This was a motion to dismiss an appeal from a justice's court, on two grounds.   First, because the appeal was not sent up and filed in the clerk's office ten days before the next term of the superior court, but only seven days.   Second, because the appeal was entered without the appellant having given bond and security.   The court sustained the motion and dismissed the appeal, whereupon the appellant excepted.

1. The first ground is disposed of by the decision of this court, at the present term, in the case of Robinson *vs.* Medlock (not yet reported), in which the dismissal of the appeal, on that ground, was held to be error.

2, 3. It appears from the record and bill of exceptions,

that the defendant was sued as administrator, and judgment rendered against the assets of the intestate in his hands only, on the 30th of November, 1876, and on the same day he entered his appeal as administrator, without giving security. On the 25th of February, 1877, after the appeal had been entered, the judgment was amended, by order of the justice, as follows: "to be levied of the goods and chattels, lands and tenements of the deceased, in his hands to be administered, if to be found, and if not to be found, then to be levied of the personal goods and chattels, lands and tenements of the defendant, F. A. Cannon, now entered *nunc pro tunc.*" As the judgment stood against the defendant as administrator at the time he entered his appeal therefrom, he was not required to give security in order to obtain it. Having obtained an appeal from the judgment of the justice according to law, his legal right thereto could not be defeated by the subsequent amendment of the judgment, even if the justice had the legal authority to amend the judgment as he did, pending the appeal. What legal authority had the justice to interfere with the judgment, after an appeal had been taken therefrom to the superior court? The case was no longer pending in the justice's court after the appeal was entered, and the judgment rendered by the justice was not a final judgment in the case. In our judgment, the court erred in dismissing the appeal on the statement of facts disclosed in the record. Let the judgment of the court below be reversed.