## POLLARD *vs.* KING.

1. A bill of exceptions transmitted to this court cannot be recognized as the original bill of exceptions, without due authentication by the clerk of the superior court, unless the certificate of the clerk is waived by counsel for the defendant in error. But, under a liberal construction of the act of February 26th, 1877, where a transcript of the record is here, with an unauthenticated bill of exceptions, leave may at any time be granted by this court to withdraw the latter, in order that the plaintiff in error may, if he can, have it authenticated and returned in time for the case to be heard before all the cases from the circuit to which it belongs have been called and disposed of. In *Middlebrooks vs. Wilcox, Gibbs & Co.*, 58 *Ga.*, 599, leave to withdraw was refused ; but to that case the act of 1877 did not apply, as the writ of error was sued out before the passage of the act, and was therefore expressly excepted from its provisions. Pamph. Acts of 1877, pp. 95, 96.

2. The bankruptcy of a defendant is no cause for not amending a judgment against him rendered prior to the adjudication.

3. A judgment complete and perfect in all respects except in wanting the signature of the plaintiff, or his attorney, is amendable by an order of the court to supply the proper signature *nunc pro tunc.* It is competent for the court, in the exercise of its discretion, to grant leave to amend after the lapse of many years—ten years or more.

4. An order to enter up judgment *nunc pro tunc* is not an order to amend an irregular or defective judgment already existing. An order of the former kind should not be granted on an application for one of the latter kind.

5. An affidavit of illegality which alleges that " there is no judgment upon which said execution issued, and that no judgment was rendered against deponent upon which to issue said execution, and that no judgment is now against said deponent upon which said execution could issue," is not sustainable where the judgment is perfect in every respect except in the omission to sign it. Though, under section 3568 of the Code, it is grossly irregular to issue execution upon a judgment entered up but not signed, yet, neither the judgment nor the execution is to be held void.

Practice in the Supreme Court. Bankrupt. Judgment. Amendment. Statute of Limitations. Illegality. Executions. Before Judge CRAWFORD. Chattahoochee Superior Court. March Term, 1878.

An execution in favor of King against Pollard was levied

and illegality filed as set forth in the 5th head-note. When the issue thus formed came on for trial, plaintiff petitioned the court, in substance, as follows:

At the March term, 1867, he commenced suit against defendant on a note for $220.00. At the following September term a verdict was rendered for the plaintiff. Within four days after the adjournment of said term, Mr. Raiford, of counsel for plaintiff, entered up a formal judgment, but, by inadvertence or neglect, failed to sign the same. This judgment was never recorded. An execution was issued returnable to the March term, 1868, and levied on certain lands. A claim thereto was filed by John Pollard, the brother of defendant. Upon the trial of the claim the property was found subject. Petitioner, therefore, prays for leave to amend by having the judgment signed by his attorneys *nunc pro tunc*, and that it may be recorded upon the minutes as entered of record on September 30, 1867.

To this application the following objections were filed:

1. That no judgment was rendered in said case as alleged.

2. That more than ten years have elapsed since the rendition of the verdict upon which it is now sought to enter judgment.

3. Because defendant was discharged in bankruptcy on December 8, 1870.

Evidence was introduced to show that the facts stated in the application were true.

The court ordered that the plaintiff have leave to enter up judgment on the verdict rendered at the September term, 1867, now for then. To this defendant excepted.

The affidavit of illegality was then overruled.

Error is assigned upon the above exceptions.

When this case was called, a motion to dismiss the writ of error was made because the bill of exceptions was not certified by the clerk. Counsel for plaintiff proposed to withdraw the paper, have the necessary certificate attached, under the act of February 26, 1877, and it returned before

the call of the cases of the circuit to which it belonged was concluded. Upon intimation from the court that this would be permitted, the defect was waived.

JAMES JOHNSON; JOSEPH F. POU; CARY J. THORNTON, for plaintiff in error, cited 57 *Ga.,* 600 ; 5 *Ib.,* 437 ; Bankrupt Act of 1867, §32.

PEABODY & BRANNON ; H. BUSSEY, for defendant, cited 1 *Ga.,* 463.

BLECKLEY, Justice.

1. Authentication of the original bill of exceptions by the certificate of the clerk is indispensable, unless waived. Leave to withdraw for the purpose of procuring the omitted authentication may be granted here at any time, on application, under the act of 1877, liberally construed. Return in time for hearing before the particular circuit is gone through, will, of course, be at the risk of the plaintiff in error. The case in 58 *Ga..* 599, was not within the act of 1877, being one of the class of cases expressly excepted in the act itself.

2. Bankruptcy of a defendant in a judgment has been held to be no cause for not amending the judgment—45 *Ga.,* 117.

3. The signature to a judgment may be supplied by an order of the court to sign *nunc pro tunc* by way of amendment. The want of a proper signature is a mere defect, and, under the Code, all defects which are not by statute declared incurable, or which are not so in their very nature, may be healed by amendment. Compare 54 *Ga.,* 486 ; 47 *Ib.,* 92 ; 50 *Ib.,* 208 ; 57 *Ib.,* 153. To say the least, the court has a discretion to allow an amendment like the one now under consideration, even after the lapse of a lengthy period of time. Ten years, or more than ten years, will constitute no insurmountable obstacle. Some old things

may not be worth repairing, but a judgment, if kept from becoming dormant, ought generally to be amended whenever a defect in it is discovered. Age need not exclude it from the hospital in which younger patients of its class receive treatment.

4. We think, however, that the exact order passed by the court was not the one adapted to the case or to the application. The application was for an order to sign the imperfect or defective judgment which had already been entered up. The order was, not to do that, but to enter a judgment *nunc pro tunc.* The difference between the two things is considerable, and in affirming the judgment granting the order, we shall direct the terms of it to be changed, both for the sake of conformity to the application and to meet the real exigencies of the case.

5. The affidavit of illegality was not sustainable upon the facts in the record. The affidavit denied that there was any judgment; but there *was* a judgment—defective and imperfect, it is true, but still a judgment. It was susceptible of amendment, and, therefore, was not a nullity. To issue an execution upon it, before it was signed by the plaintiff or his counsel, was grossly irregular—Code, §3568. But as the judgment was not void, neither was the execution void—Code, §4, ¶6.

In affirming the judgment, we do so with direction that the order to enter up a judgment *nunc pro tunc* be modified so as simply to supply the omitted signature to the original irregular judgment, as prayed for in the application for leave to amend.

Judgment affirmed.