HAND *v.* THE FRANK W. HALL MERCHANDISE CO.

1. Where a claim is pending in the superior court, the presumption is that the claimant has given the damage bond required by the statute, and if no such bond can be found in the clerk's office, it may be treated as lost. But if the sheriff testifies that he does not remember that any such bond was ever delivered to him, and the clerk testifies that no such bond was ever filed, it must then be affirmatively shown that an original was duly delivered to and accepted by the sheriff as provided by law. In this case, it did not so appear.

2. Where no damage bond has been given as provided in section 3726 of the code, nor an affidavit *in forma pauperis* has been filed in conformity to the provisions of section 3733, the claim, on motion made by counsel for the plaintiff in *fi. fa.* before issue joined, should be dismissed.

3. The statute contemplates that the bond required in claim cases shall be given when the claim is interposed; and it was, therefore, error to allow the claimant to give a bond at the trial term, after a motion to dismiss the claim for want of the bond had been made in time, and improperly overruled.

4. The claim should have been dismissed on motion, and consequently all the subsequent proceedings in the case were nugatory and of no avail.                    *Judgment reversed.*

January 17, 1893.

Before Judge WELLBORN. Lumpkin superior court.. October term, 1891.

Claim was interposed by the Frank W. Hall Merchandise Co. to the levy of an execution in favor of Hand, surviving partner, against Long. The levy was dismissed, and the plaintiff excepted. When the case was called for trial, the parties having announced ready, the plaintiff moved to dismiss the claim, on the ground

that no bond had been given. Upon the following showing the motion was overruled, which is assigned as error: Counsel for claimant stated in his place that while no bond could be found, he remembered that one had been made in his office, and he presumed it had been handed to the sheriff, though he could not state this as a fact; and that the claim affidavit was written on a sheet different from the bond. The sheriff's execution docket, opposite the place where the *fi. fa.* had been entered, had the entry: " Claim filed by the Hall Mdse. Co." The sheriff testified that this entry was not in his handwriting; he did not know whose it was, and remembered nothing about its being made by his direction, though he kept the docket in his office and did not well see how the entry was made without his knowledge; he did not remember that any bond in this case had ever been handed to him, but would not say that this had never been done. The clerk of the superior court testified that, to the best of his knowledge and belief, no bond in this case had ever been filed in his office; during his experience as clerk, he could remember no claim case where the affidavit and bond were on detached papers, and if such had been the fact here, his attention would have been drawn to it as a singular occurrence.— The claimant moved to be allowed to establish a copy of the bond as a lost office paper, and further moved the court to allow a new bond to be then made and filed, by way of amendment to the claim affidavit. The granting of these motions over the plaintiff's objections is assigned as error.

PRICE & CHARTERS, by brief, for plaintiff.
W. S. BASINGER and R. H. BAKER, *contra.*