## 2318.  BUTLER, STEVENS & COMPANY v. HALL.

HILL, C. J.  1. It is too well settled to question or to require any citation of authority that a general assignment of error, excepting to a judgment overruling and denying a motion for a new trial, is sufficiently specific to bring under review all the grounds of error properly made in the motion for a new trial.  The motion to dismiss the writ of error is without merit.

2. Two defendants were sued jointly as the makers of a promissory note. The defendant first named in the suit filed a plea of non est factum, which, by consent of plaintiff, was sustained.  The other defendant was duly served, but did not appear and defend, and a judgment was rendered against him by default.  An execution was issued and levied, and the defendant filed an affidavit of illegality, on the ground that he was surety on the note, and that the consent verdict in favor of the plea of non est factum as to the principal maker of the note discharged him from all liability thereon as surety.  *Held*, that a motion to dismiss the affidavit of illegality, because "it contained no allegation that could not have been pleaded as a defense in the original suit out of which the execution was issued," should have been sustained.  The court that rendered the judgment having jurisdiction of the person and subject-matter, the defendant could not, by affidavit of illegality, attack the judgment for any cause that he could have set out as a defense in the original suit. Civil Code, § 4742; *Bedingfield* v. *First National Bank*, 4 *Ga. App.* 197, 205 (61 S. E. 30); *Miller* v. *Albritton*, 43 *Ga.* 274; *Lewis* v. *Armstrong*, 45 *Ga.* 131; *Green* v. *Oliphant*, 64 *Ga.* 566.        *Judgment reversed.*

Illegality; from city court of Nashville—Judge Buie.    September 22, 1909.

Submitted February 23,—Decided June 14, 1910.

*W. R. Smith*, for plaintiffs.

*Hendricks & Christian*, for defendant.

---

## 2324.  BLUE v. FIDELITY DEPOSIT COMPANY.

POWELL, J.  Though the justice of the peace may have erred in refusing to allow the defendant in mortgage foreclosure to amend his bond, yet it does not appear that he erred in dismissing the affidavit of illegality, it not being disclosed that the affidavit contained any meritorious, legal defense.  The action of the judge of the superior court in dismissing the certiorari, brought to review the action of the justice of the peace, is therefore                                            *Affirmed.*

Certiorari; from Montgomery superior court—Judge Martin. November 5, 1909. ·

Submitted February 23,—Decided June 14, 1910.

*William B. Kent*, for plaintiff in error.