### 5964.   MURPHEY *v.* SMITH.

BROYLES, J. 1. No forthcoming bond is required upon the filing of an affidavit of illegality interposed to a levy on realty. The provisions of section 5305 of the Civil Code apply to levies upon personalty only. This section of the code and section 6040 should be construed together.
2. A defendant can not, by affidavit of illegality, attack a judgment for any cause that he could have set up as a defense in the original suit. Civil Code, § 5311; *Butler* v. *Hall, 7 Ga. App.* 777 (68 S. E. 331). In this case the alleged lack of service upon a codefendant should have been pleaded in the original suit, and was not a sufficient ground for an affidavit of illegality.
3. Where the affidavit of illegality alleges that the judgment debt has been discharged in a court of bankruptcy, it is error to dismiss the

affidavit because of failure to set forth or attach a copy or an abstract of the record of the proceedings in that court. It is not necessary that the affidavit shall contain this, but it should be submitted as evidence upon the trial.

4. A homestead exemption set apart by a court of bankruptcy is no more subject to be levied on than if it had been set apart by the ordinary of the county. *Ross* v. *Worsham,* 65 *Ga.* 624; *Evans* v. *Rounsaville,* 115 *Ga.* 684 (42 S. E. 100).

5. Where a homestead is being levied on, and the fi. fa. fails to show upon its face a lien superior to the homestead, and where the plaintiff in fi. fa. has not filed the affidavit required by section 3400 of the Civil Code, the levy is proceeding illegally.

6. The court erred in dismissing the affidavit of illegality.

*Judgment reversed.*

DECIDED JUNE 25, 1915.

Affidavit of illegality; from city court of Floyd county—Judge Reece. July 28, 1914.

*John W. Bale,* for plaintiff in error.

*M. B. Eubanks,* contra.