## 14289. FOSTER *v.* WATKINS CO.

STEPHENS, J.   1.   Lack of service upon a codefendant is matter for defense, and not ground for an affidavit of illegality. *Murphy* v. *Smith,* 16 *Ga. App.* 472 (85 S. E. 791).

2. The failure of the plaintiff or his attorney to sign a judgment where the law requires such signature is a mere irregularity and does not invalidate the judgment. Although such signature does not appear thereon, an execution issued thereon may be legally levied and such defect is not a ground for illegality. *Pollard* v. *King,* 62 *Ga.* 103 (5).

3. The ruling in *Sloan* v. *Cooper,* 54 *Ga.* 486 (3), which holds that "the decree not having been signed by the chancellor, the illegality to the execution based thereon, on that ground, was properly sustained," is distinguishable from that in *Pollard* v. *King,* supra, and applied here, in that the judgment which is required to be entered and signed by an attorney or party to the case is a judgment entered upon the verdict of

39

a jury, which has fixed the rights of the parties, and nothing remains to be done but the exercise of the purely ministerial duty of signing the judgment thereon, while a decree in chancery is a judicial act and involves the application of the law to facts ascertained.

4. The affidavit of illegality and the proffered amendment contained no valid ground, and the court did not err in rejecting the amendment and in dismissing the affidavit of illegality.

5. In view of the ruling in *Sloan* v. *Cooper*, supra, it cannot be said that the plaintiff in error is here prosecuting his case for the purpose of delay only, and the motion of the defendant in error for damages is denied.　　*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 22, 1924.

Affidavit of illegality of execution; from Fulton superior court—Judge Ellis. December 16, 1922.

*Lowndes Calhoun,* for plaintiff in error.

*Watkins, Russell & Asbill,* contra.