30579. DRUMMOND *v.* DRUMMOND *et al.*

FELTON, J. 1. Properly interpreted, the decisions of this court touching the question hold that a third party may file a claim under the Code, § 39-801, to funds caught by process of garnishment. *Bullock* v. *Butts,* 33 *Ga. App.* 7 (124 S. E. 905) ; *Drought* v. *Poage,* 3 *Ga. App.* 178 (59 S. E. 728) ; *Canton Fertilizer Co.* v. *Hunt,* 21 *Ga. App.* 424 (94 S. E. 596) ; *Johnson* v. *Planters' Bank,* 34 *Ga. App.* 241 (129 S. E. 125) ; *Brooks* v. *Goette,* 52 *Ga. App.* 408 (183 S. E. 633) ; *Jackson* v. *Campbell,* 23 *Ga. App.* 642 (99 S. E. 155) ; *International Agricultural Corp.* v. *Law,* 40 *Ga. App.* 756 (151 S. E. 557).

2. "Where a claim is pending in the superior court, the presumption is that the claimant has given the damage bond required by the statute." *Hand* v. *Frank W. Hall Merchandise Co.,* 91 *Ga.* 130 (16 S. E. 644). As against the prevailing claimant, neither the statement in the garnishee's answer that the claimant filed the bond in the office of the clerk of the superior court, nor the fact that the bond was on its face approved by a deputy clerk of the superior court, would overcome the presumption that the bond was given to the sheriff, and that he filed it in the clerk's office, thereby approving it. There was no evidence to rebut the presumption.

3. The question whether the garnishee would be liable to the plaintiff for money which it paid to the claimant without the claimant's having given either a forthcoming or a dissolution bond, in the event the claimant had not prevailed on the trial of the claim case, is not a question for determination. The court, therefore, did not err in refusing to enter judgment against the garnishee on the insistence of the plaintiff, on the theory that there was no valid claim pending because no dissolution bond had been given, or that a statutory claim would not lie.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*

DECIDED JULY 14, 1944. REHEARING DENIED JULY 25, 1944.

*Woodruff, Ward & Etheridge, Thomas B. Branch Jr.,* for plaintiff.

*Hirsch, Smith, Kilpatrick, Clay & Cody, Sidney Haskins, Alston, Foster, Sibley & Miller,* for defendants.