36198. WILLIAMS, Commissioner, *v.* BOYKIN.

DECIDED JULY 5, 1956—REHEARING DENIED JULY 24, 1956.

*Eugene Cook, Attorney-General, H. Grady Almand, Jr., William L. Norton, Jr., Assistant Attorneys-General, Broadus B. Zellars, Ben F. Johnson, Jr., Deputy Assistant Attorneys-General, Benjamin B. Blackburn III,* for plaintiff in error.
*Shirley C. Boykin,* contra.

NICHOLS, J. 1. The plaintiff in fi. fa. contends that the record shows that no bond was filed with the affidavit of illegality, and, since the tax was not paid at the time the affidavit of illegality was filed, the same is null and void and the judgment for the defendant in fi. fa. resulting therefrom is a mere nullity.

The authority of the State Revenue Commissioner to issue tax fi. fas. for the collection of taxes is not questioned, nor is the right of the taxpayer to file an affidavit of illegality to test the question of whether or not he is liable for the tax sought to be collected by the fi. fa. The defendant in fi. fa. cites *Murphey* v. *Smith*, 16 *Ga. App.* 472 (1) (85 S. E. 791), as authority for his position that no bond was required to be filed in the present case where the levy under the fi. fa. was made on real estate, although he contends that the record is silent as to whether a bond was filed or not. However, since the law dealing with affidavits of illegality to judgment executions generally does not apply to affidavits of illegality to tax fi. fas. (*Department of Revenue* v. *Stewart*, 67 *Ga. App.* 281, 286, 20 S. E. 2d 40), an examination of the laws governing the issuance of income tax fi. fas. by the Commissioner of Revenue and the laws governing the testing of the Commissioner's ruling which resulted in the issuance of the tax fi. fa. is necessary in order to determine whether the case of *Murphey* v. *Smith*, supra, which dealt with an affidavit of illegality to a fi. fa. issued as the result of a judgment obtained in a court of record, applies to an affidavit of illegality filed to a tax fi. fa. issued by the State Revenue Commissioner for the collection of a tax.

Code § 92-3306, as adopted by the General Assembly in an Act approved February 14, 1935 (Ga. L. 1935, p. 84) provided: "If any tax imposed by this or any prior law is not paid within 10 days after notice and demand from the State Revenue Commission, the Commission shall issue an execution under its official seal, directed to the sheriff, or his lawful deputies, of any county of the State, requiring said officer to levy upon and sell the real or personal property of such taxpayer, found within his county, in sufficient amount to satisfy the said execution so issued, together with penalties, interest, and all costs of executing and collecting the said execution, and to return such execution to the Commission, together with all such sums collected under and

by virtue thereof, by a time to be therein specified, not more than 60 days from the date of the execution. The sheriff of any such county shall, within 10 days after the receipt of any such execution from the Commission, file the same, together with his entry of levy, with the clerk of the superior court of the county of the taxpayer's residence, and it shall thereupon be the duty of the clerk of the superior court to enter the said execution on the general execution docket of the superior court of said county in the same manner and form as prescribed by the general laws of the State of Georgia relating to executions issued by a superior court of this State, and said execution when so docketed shall become a lien on the title to and interest in all real and personal property of the said taxpayer against whom the said execution was issued, in the same manner as if the said judgment had been duly issued from the superior court of the taxpayer's residence and duly recorded on the general execution docket. The sheriff shall thereupon proceed upon the same in all respects, with like effect and under the same rules as prescribed by the general laws relating and with respect to executions issued by any superior court of this State or other court of record, and shall be entitled to the same fees for his services in executing and collecting the said execution as allowed by law for like services to be collected under any superior court execution. In the event that any taxpayer may desire to contest the said execution, he may do so by filing an affidavit of illegality with the levying officer at the time of the levy, arresting the same as now prescribed by the general laws relating to the filing of affidavits of illegality, and when said affidavit of illegality is so filed and the tax is paid or bond for the eventual condemnation money is given it shall be the duty of the levying officer to return the said execution, together with the affidavit of illegality and bond, and in case of personal property, bond for the forthcoming of the property, to the clerk of the superior court of the county of the taxpayer or defendant in execution, and the superior court of the said county shall then and there, at the first or next term, cause the said issue so made to be tried by a jury in the superior court of the county of the residence of the taxpayer, under the same rules of law and evidence as prevail in this State. It shall be the duty of the Attorney-General to represent the State when any such cases or

contests made by affidavits of illegality are filed in any county, and it shall be the duty of the State Revenue Commission to notify the Attorney-General of such pending cause, giving him the name of the case and the court in which the same is pending. Any parts of this law that may be in conflict with these provisions are expressly superseded by this section. (Acts 1931, Extra Sess., p. 53; 1931, pp. 7, 33, 35, 38.)."

Section 19 of the Act of 1937 (Ga. L. 1937, pp. 109, 143), provides as follows: "That Title 92, Division 1, Part 9, Chapter 92-33 of the Code of Georgia of 1933 as amended by the Act approved March 26, 1935, be further amended by inserting in Section 92-3306 after the word 'docket' in line 31 the following words: [The act of 1935 made no change in Code § 92-3306]. 'Provided that nothing herein contained shall prevent the State Revenue Commission from having said fi. fa. entered upon the general execution docket prior to the time the same is turned over to the sheriff for collection and when said fi. fa. is so entered on the general execution docket it shall be entitled to all the priorities accorded to other tax executions under the general law of this State, from the date of record.' So that said section as amended shall read as follows:" The Act then proceeded to set forth Code § 92-3306 plus the amendment quoted above; however, in so doing the language was changed in some minor respects and certain language concerning the filing of affidavits of illegality was changed or left out entirely. The Act of 1937, supra, made no mention of any change other than to add the language authorizing the fi. fa. to be entered on the general execution docket prior to the time the levy is made, and therefore, under the decision of the Supreme Court in *Abernathy* v. *Mitchell*, 113 *Ga*. 127 (38 S. E. 303), this court must hold that the act of 1937, supra, only added the language quoted above, and that no changes were made by this act with respect to the filing of affidavits of illegality to tax fi. fas.

Therefore *Murphey* v. *Smith*, 16 *Ga. App*. 472, relied upon by the defendant in fi. fa., is no authority to support his position, since under Code § 92-3306, supra, either the tax must be paid or a bond for eventual condemnation money must be given at the time the affidavit of illegality is filed, and in addition thereto, when the levy is made on personalty a forthcoming bond is necessary.

The record is silent in the present case as to whether a bond was filed or not and the presumption is that the necessary bond was filed unless the record affirmatively shows that such bond was not filed. *Hand* v. *Frank W. Hall Merchandise Co.*, 91 *Ga.* 130 (16 S. E. 644); *Drummond* v. *Drummond*, 71 *Ga. App.* 474 (31 S. E. 2d 74). Therefore, since this court must presume that such bond was filed, there is no merit in this assignment of error.

2. The plaintiff in error contends that the judgment for the defendant in fi. fa. was void because the record shows that the affidavit of illegality was filed with the clerk of the superior court rather than with the sheriff, and because the plaintiff in fi. fa. was not given notice that the affidavit of illegality was filed to the tax execution. It has been held that where an affidavit of illegality was filed with the clerk rather than with the levying officer, and it does not appear that such procedure harmed the plaintiff in fi. fa., this mere irregularity will not void the affidavit of illegality. See *Roberts* v. *Seanor*, 46 *Ga. App.* 5 (7) (166 S. E. 375). The above cited case did not deal with an affidavit of illegality to a tax execution; however this court can see no reason why the same rule should not apply. There is no provision in the law requiring the sheriff to notify a plaintiff in fi. fa. that an affidavit of illegality has been filed to a levy, nor does the failure of the defendant in fi. fa. to serve the plaintiff in fi. fa. void the illegality; therefore, it cannot be said that the procedure followed in the present case caused the plaintiff in fi. fa. any harm that he may have suffered, and these assignments of error in the bill of exceptions are without merit.

3. The plaintiff in fi. fa. insists that the appointment of the judge pro hac vice by the clerk of the superior court was erroneous because the entry appointing such judge pro hac vice did not state why Judge Boykin was disqualified, and further that the record does not show that Judge Boykin attempted to procure the services of another judge or that the parties were unable to agree upon an attorney to preside in the case. The plaintiff in fi. fa. also insists that the judge pro hac vice was not qualified since the record does not show that he took the proper oath of office.

The questions presented by these assignments of error are controlled by the cases of *Reeves* v. *Graffling*, 67 *Ga.* 512; and *Rob-*

*inson* v. *McArthur*, 166 *Ga.* 611 (144 S. E. 19), which hold adversely to the contentions of the plaintiff in fi. fa. Accordingly, there is no merit in any of the above assignments of error.

4. No evidence was presented on the trial by the plaintiff in fi. fa., and the evidence presented by the defendant in fi. fa. demanded the verdict directed by the trial judge. Therefore, the judgment of the trial court was not erroneous for any reason assigned.

*Judgment affirmed.* *Felton, C. J., and Quillian, J., concur.*