### 37554. ASSOCIATES DISCOUNT CORPORATION *v.* WILLARD.

DECIDED FEBRUARY 13, 1959.

*Howard Oliver, Jr.,* for plaintiff in error.

*Joseph E. Cheeley, Jr.,* contra.

TOWNSEND, Judge. ■ It is contended by the defendant in error that the judgment should be affirmed for the reason that no proper claim affidavit and bond for damages as provided by Code §§ 39-801 and 39-802 was filed by the plaintiff in error. Claims in a case pending before a justice of the peace court are controlled by Code §§ 24-1416 and 24-1617, and are returnable to the justice court. See also *Ridling* v. *Stewart,* 77 *Ga.* 539(2). When an appeal is entered from the judgment of a justice of the peace, it is the duty of that officer to transmit the same to the clerk of the superior court. Code § 6-302. Ordinarily, an appeal from the justice court to the superior court is not subject to dismissal because of irregularities in the transmission of the transcript, or defects which should have been the subject of objection before the case was tried in the justice court. *Talbott* v. *Collier,* 102 *Ga.* 550 (28 S. E. 225); *Cannon* v. *Sheffield,* 59 *Ga.* 103; *Robison* v. *Medlock,* 59 *Ga.* 598; *Sanders* v. *Mathewson,* 121 *Ga.* 302 (48 S. E. 946). The fact that the clerk of the superior court had not filed the claim affidavit and bond, assuming that the justice of the peace should have sent them up with the appeal and did not do so, would not be proof that no claim affidavit and bond were filed in the justice court. Although failure to file a proper claim bond subjects the claim to dismissal, yet the presumption is, where the claim is pending in the superior court, that the affidavit and bond have been properly filed, and, if this is not true, a motion to dismiss the claim with an affirmative showing of this fact should be made by the adverse party. *Hand* v. *Frank W. Hall Merchandise Co.,* 91 *Ga.* 130(1) (16 S. E. 644); *Drummond* v. *Drummond,* 71 *Ga. App.* 474(1) (31 S. E. 2d 74). The fact that these instruments are not in the record on appeal, and the further fact that they were not filed in the office of the clerk of the superior court on the appeal to that court may not be raised for the first time here, and will not result in a dismissal of the claim by this court.

■ The conditional bill of sale, which is practically the only evidence in this record, affirmatively shows that legal title to the automobile in question never vested in the defendant Adams, who was engaged in the purchase of the automoile and had an equity therein to the extent of his purchase money only. It was executed on September 15, 1956, recorded in the county of residence of the vendor on September 20, and recorded in the county of residence of the vendee on April 18, 1957, 9 days after the affidavit of foreclosure of the mechanic's lien was filed. The sole question for consideration is therefore the relative priorities of an unrecorded conditional bill of sale and an affidavit of foreclosure of a mechanic's lien on personalty under Code § 67-2401. The lien is one arising not by contract but by operation of law. It has been well settled that since the act of 1931 (Ga. L. 1931, p. 153; Code §§ 67-109, 67-1305) an unrecorded bill of sale to secure debt has the same effect as a deed of bargain and sale, and, therefore, although unrecorded, is superior in rank to subsequent liens created by law. *Mackler* v. *Lahman*, 196 *Ga.* 535(1) (27 S. E. 2d 35) ; *Manchester Motors* v. *Farmers & Merchants Bank of Manchester*, 91 *Ga. App.* 811 (87 S. E. 2d 342). By the act of 1957 (Ga. L. 1957, p. 167; Code, Ann., § 67-1403) "the effect of failure to record a conditional bill of sale shall be the same as is the effect of failure to record a deed of bargain and sale." It follows that this instrument, although it was unrecorded in the proper county as of the time this action was commenced, has priority over it. The only difficulty in arriving at this conclusion is that there is nothing in this record to show when or if a claim of lien was ever filed by Willard against Adams in the first instance, or to show when the work on the automobile was completed. It does appear that when the automobile was levied upon it was in the custody of Adams, and it further appears that Adams acquired whatever right or title to the automobile that is in him under his contract of conditional sale with Cuz Bell Motor Company. That contract gave him no title against which the lien could operate so long as the paramount outstanding title remained in the plaintiff in error. Accordingly, the trial court erred in entering up judgment against the claimant.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*