40316. AMERICAN LEGION POST 69 v. UNDERCOFLER, Commissioner.

DECIDED OCTOBER 18, 1963.

*Barrie L. Jones*, for plaintiff in error.

*Eugene Cook, Attorney General, Louis F. McDonald, Assistant Attorney General*, contra.

PANNELL, Judge. The defendant in error in this court, the Revenue Commissioner of the State of Georgia, made an assessment against the plaintiff in error for sales taxes, to which assessment plaintiff in error duly entered his appeal with the Commissioner pursuant to *Code Ann.* § 92-8446, which Code sec-

tion applies to assessments for taxes made by the Commissioner under the Georgia Retailer's and Consumer's Sales and Use Tax Act (*Code Ann. Ch.* 92-34a). *Williams v. Farr,* 97 Ga. App. 881, 883 (104 SE2d 713). The Commissioner did not certify and transmit the appeal and the record to the clerk of the superior court within the time directed in said Code section. This Code section (*Code Ann.* § 92-8446; Ga. L. 1937-38, Ex. Sess., p.77, amended Ga. L. 1943, p. 204) provides that, "The appeal and necessary records shall be certified and transmitted by the Commissioner and shall be filed with the clerk of the superior court within thirty days from the date of decision by the Commissioner." And, "The procedure provided by law for applying for and granting appeal from the court of ordinary to the superior court shall apply as far as suitable to the appeal authorized herein, except that the appeal authorized herein may be filed within fifteen days from the date of decision by the Commissioner." In *Robison v. Medlock,* 59 Ga. 598, the Supreme Court of this State, speaking through Justice Bleckley, said, "The Constitution gives the right of appeal. Code § 5104. The statute regulates its exercise. Id., §§ 3610 to 3631. Section 3626 makes it the duty of the justice of the peace to transmit the appeal to the clerk of the superior court at least ten days before the next term of the court. When this duty is omitted, and the justice delays the transmission till the first day of the term, is the appeal to be dismissed? There is no statute which so declares, and the spirit of our law is against depriving a party who has duly entered an appeal, of the benefits thereof, on account of failure by the officers in their appointed functions, where that failure has not been induced or sanctioned by the appellant. 31 Ga. 357." This decision was followed at the same term in *Cannon v. Sheffield,* 59 Ga. 103 (1). These cases were followed by this court in *Aetna Cas. &c. Co. v. Nuckolls,* 69 Ga. App. 649 (1, 2, 3) (26 SE2d 473) involving an appeal from an award of the Department of Industrial Relations (now Board of Workmen's Compensation), the statute applicable (*Code* § 114-710) providing that the board, when an appeal is filed, "shall, within 30 days from the filing of the same, cause certified copies of all documents and papers then on file in their office in the matter, and a transcript of all testimony taken therein, to be transmitted with their findings and order or decree

to the clerk of the superior court to which the case is appealable."
In *Ford v. Redfern*, 145 Ga. 498 (89 SE 611) involving an appeal
from the court of ordinary, the Supreme Court, while dismissing
the appeal on the grounds that the appeal was not transmitted
to the superior court by the ordinary, or by his authority, it be-
ing transmitted by the attorney for appellant, did, nevertheless,
order that the papers be returned to the ordinary in order that
he might transmit the appeal as required by law. *Code* § 6-205
provides: "When an appeal has been entered in the court of ordi-
nary, it shall be the duty of such ordinary to transmit the same
to the clerk of the superior court of the county in which such
proceeding may have been had, at least ten days before the next
superior court of said county, to be there tried as other appeals."
*Code* § 6-302 provides: "When an appeal from the judgment of a
justice of the peace has been entered, it shall be the duty of
such justice of the peace to transmit the same to the clerk of the
superior court of the county in which proceedings may have been
had, at least ten days before the next superior court of said
county, to be there tried . . . " Insofar as the question in-
volved in this case is concerned, we can see no substantial differ-
ence between the provisions relating to appeal from an assessment
of the Revenue Commissioner and an appeal from the justice
court, the court of ordinary, and the Board of Workmen's Com-
pensation. We do not think that the plaintiff in error should
be penalized by the failure of the Revenue Commissioner to file
the appeal with the clerk of the superior court within the time
required by law, and particularly should this be true where the
official whose duty it is to transmit the appeal is also a party to
the case, and whose action, which is appealed from, cannot be
judicially questioned by any court, except through the appeal
which he failed to file in time. See, *Code Ann.* § 92-8445 (Ga.
L. 1937-38, Ex. Sess., p. 77, § 44, amended Ga. L. 1943, p. 204);
*Williams v. Farr*, 97 Ga. App. 881-883, supra. We, therefore, are
of the opinion that the judge of the superior court erred in dis-
missing the appeal in the instant case. The judgment of the trial
court is reversed and the case remanded for consideration of the
appeal by the superior court.

*Judgment reversed with directions. Bell, P. J., and Hall, J.
concur.*