## 50614. STATE BOARD OF EQUALIZATION et al. v. PINELAND TELEPHONE COOPERATIVE.

EVANS, Judge.

Pineland Telephone Cooperative, Inc. filed its 1973 ad valorem property tax return with the State Revenue Commissioner as required by law. Its return was rejected, and the property was reassessed. Pineland filed a written appeal of the assessment evaluation, requesting a hearing, which was heard before the State Board of Equalization. That board sustained the evaluation and assessment by the state revenue authority; and Pineland filed its tax appeal to the superior court, attacking the findings of the board as illegal, inequitable, discriminatory and violative of the equal protection clauses of the Constitution.

The State Board of Equalization and the Commissioner of Revenue moved to dismiss the appeal, contending the court had no jurisdiction thereof,

inasmuch as the commissioner did not receive notice of the appeal within 15 days from the date of decision. After hearing, the court denied the motion to dismiss, and the board and the revenue commissioner appealed to this court. *Held:*

1. Under Code Ann. § 92-8411.1 (d) any taxpayer dissatisfied with the decision of the board "shall have a [sic] appeal to the superior court. Any appeal to the superior court by any affected taxpayer shall be as provided by law for appeals to the superior court from decisions of the State Revenue Commissioner."

2. Code Ann. § 92-8446 outlines the appeal procedure from the commissioner's ruling and states: "The procedure provided by law for applying for and granting appeal from the court of ordinary to the superior court shall apply as far as suitable to the appeal authorized herein, except that the appeal authorized herein *may* be filed within 15 days from the date of decision by the commissioner." (Emphasis supplied.)

3. But in 1972 (Ga. L. 1972, pp. 738, 741, Code Ann. §§ 6-102, et seq.; and Code § 6-201) the General Assembly adopted a comprehensive law that all appeals to the superior court, except an order appointing a temporary administrator, shall be filed within 30 days. Code § 6-202, as to *the 4-day appeal from the court of ordinary was expressly repealed.*

4. Pineland filed its appeal in accordance with the law (Code Ann. § 6-102), that is, by filing its appeal both in the superior court and with the commissioner on November 15, 1974. This was within 28 days of the rule on the filing of October 18, 1974.

Code Ann. § 92-8446 provides that the appeal and necessary records *shall be certified and transmitted by the commissioner* and shall be filed with the clerk of superior court within 30 days from the date of decision by the commissioner.

The commissioner must certify the record to the superior court within 30 days after the appeal. Of course, if he fails to do so, the taxpayer should not be penalized because of the commissioner's neglect, and his appeal should not be dismissed. *American Legion v. Undercofler,* 108 Ga. App. 521 (133 SE2d 418).

As stated above, the appeal was filed in 28 days which was within the 30-day rule.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED APRIL 30, 1975 —DECIDED SEPTEMBER 2, 1975 —
REHEARING DENIED SEPTEMBER 24, 1975.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Lauren O. Buckland, H. Perry Michael, Richard L. Chambers, Assistant Attorneys General,* for appellants.

*Francis W. Allen, George H. Lane,* for appellee.